ENTERED
FEB 2 1 2014
IN REGISTER SC

FILED
2014 FEB 18 PM 2: 1
FOR CIRCUIT COURT
MULTNOMAH COUNT

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS
ASSOCIATION**, an Oregon domestic
nonprofit corporation; and **DECATUR
BRIDGEWATER VISTA
CONDOMINIUMS OWNERS'
ASSOCIATION**, an Oregon domestic
nonprofit corporation,

      Plaintiffs,

      v.

**NORTHWEST EMPIRE
COMMUNITY MANAGEMENT, INC.**,
fka Professional Community Management,
Inc., an Oregon corporation,

      Defendant.

Case No. 1211-14420

**PLAINTIFFS' MOTION FOR AWARD OF
SUPPLEMENTAL ATTORNEY FEES
AND COSTS AND SUPPLEMENTAL
JUDGMENT**

    Pursuant to ORCP 68C, Plaintiffs move for an award of supplemental attorney fees and

costs in the amount of $15,164.51 and entry of a Supplemental Judgment therefor, which were

incurred after the submission of Plaintiffs' Motion and Memorandum for Order of Default and

General Judgment on January 25, 2013.    This motion is supported by the accompanying

Declaration of James S. Crane, exhibits thereto, and the proposed Supplemental Judgment.

    DATED this 18th day of February, 2014.

            LANDYE BENNETT BLUMSTEIN LLP

            By:_____
               Stuart K. Cohen, OSB #851738
               James S. Crane, OSB #901420
               *Of Attorneys for Plaintiffs*

*736705.DOC.14501-002*

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

1

2

3

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, I served the foregoing **PLAINTIFFS'**
**MOTION FOR AWARD OF SUPPLEMENTAL ATTORNEY FEES AND COSTS AND**
**SUPPLEMENTAL JUDGMENT** on the following individual:

5

6

7

8

William Tyler Griffith
William Tyler Griffith AAL
819 SE Morrison St., Rm. 255
Portland, OR 97214
Tel: 503-360-8881
williamtylergriffith@gmail.com

9

*Of Attorneys for Sentinel Insurance Company*

10

11

by first class U.S. mail.

12

13

14

LANDYE BENNETT BLUMSTEIN LLP

Kathy Baker, Asst. to James S. Crane
Of Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 -   CERTIFICATE OF SERVICE

720779.doc.14501-002

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

ENTERED

FEB 2 1 2014

IN REGISTER SOL

FILED
2014 FEB 18 PM 2: 11
FOR MULTNOMAH COUNTY
CIRCUIT COURT

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation,<br><br>Defendant. | Case No. 1211-14420<br><br>**DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR AWARD OF SUPPLEMENTAL ATTORNEY FEES** |

James S. Crane declares as follows:

1.    I am attorney with Landye Bennett Blumstein LLP, counsel for Plaintiffs in this case. I have personal knowledge of the matters set forth in this declaration.

2.    Plaintiffs seek supplemental attorney fees and costs in the amount of $15,164.51, which is the amount incurred to date in connection with collection of the general judgment entered on March 25, 2013.

3.    On January 25, 2013, Plaintiffs submitted their Motion for Entry of Default and General Judgment, which included a request for attorney fees as the prevailing party under the contracts between each of the parties and Defendant and under the Unlawful Trade Practices Act.

4.    On March 25, 2013, the court entered a General Judgment and Money Award on Default, which included awards to Plaintiffs jointly of $14,139.19 for fees and $1,444.24 for costs.

Page 1 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

*736706.DOC.14501-002*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

5.    Between January 25, 2013, and March 25, 2013, Plaintiffs' counsel made efforts to collect the award from Defendant's insurer.    Since the entry of the General Judgment on March 25, 2013, Plaintiffs have continued their efforts to collect the judgment award from Defendant's insurer.    In addition, Plaintiffs' counsel have engaged in discovery and a judgment debtor examination in aid of their collection efforts.

6.    A substantial portion of the fees and costs described below have been incurred in garnishing the policy proceeds of Defendant's employee dishonesty insurance policy.    This is Defendant's first-party policy, and Plaintiffs are attempting to garnish the monies due to Defendant under Defendant's claim.    Plaintiffs have had to take steps to require Defendant to complete a Proof of Loss and have had to take steps to acquire voluminous documentation and analysis from Defendant in support of the Proof of Loss submitted to the insurance company. That claim is still pending.

<u>AUTHORITY FOR ATTORNEY FEE AWARD</u>

7.    Plaintiffs are entitled to recover attorney fees pursuant to the following facts, statute, or rule: (1) Under Article I, section E of each the contracts between each plaintiff and the defendant, which provides:    "If any legal proceeding is necessary to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to its reasonable attorney fees and legal costs, in addition to any other relief to which such party shall be entitled"; and, (2) under the Unfair Trade Practices Act, ORS 646.638(3).

8.    Plaintiffs have agreed to share all attorney fees, disbursements, and costs equally.

<u>TIME AND EFFORT OCCURRED</u>

9.    The number of hours and services rendered in this matter for each lawyer, clerk, and legal assistant and the hourly rates for each are set forth in detail in Exhibit 1 attached. Exhibit 1 includes records for Landye Bennett Blumstein LLP's matter number 14533-002, which is Cedar Lake, and matter number 14501-002, which is for Decatur Bridgewater, since January 25, 2013, when the Motion for Entry of Default Judgment was filed.    Despite different amounts billed on

Page 2 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*736706.DOC.14501-002*

each matter, the plaintiffs have agreed to share attorney fees, disbursements and costs equally. Therefore, any judgment award for fees and costs should be divided between Plaintiffs equally.

| NAME | POSITION | HOURLY RATE | HOURS | FEES |
|---|---|---|---|---|
| Stuart K. Cohen | Partner | $330 | 6.4 | $ 2,112.00 |
| James S. Crane | Partner | $300 | 26.5 | $ 7,950.00 |
| Conde T. Cox | Of Counsel | $410 | 0.2 | $ 82.00 |
| Patrick T. Foran | Associate | $225 | 4.8 | $ 1,080.00 |
| Joseph F. Larson | Paralegal | $150 | 1.5 | $ 240.00 |
| Sandra G. Bledsoe | Paralegal | $140 | 1.1 | $ 154.00 |
| **SUBTOTAL** | | | | $ 11,618.00 |
| LESS: $1300.00 in estimated future fees included in the General Judgment | | | | ($ 1,300.00) |
| **TOTAL** | | | | $ 10,318.00 |

10.    In addition to fees already incurred, plaintiffs seek the following estimated fees to be incurred in continuing collection efforts.  The time for James S. Crane includes the time for preparing the Supplemental Judgment:

| NAME | POSITION | HOURLY RATE | HOURS | FEES |
|---|---|---|---|---|
| Stuart K. Cohen | Partner | $375 | 2.0 | $ 750.00 |
| James S. Crane | Partner | $315 | 10.0 | $ 3,150.00 |
| Joseph F. Larson | Paralegal | $150 | 1.0 | $ 150.00 |
| **TOTAL** | | | | $ 4,050.00 |

11.    Landye Bennett Blumstein LLP also incurred its own costs and expenses that are not included in overhead and that are not reflected in hourly rates.  Those should be included in the attorney fee award, and that should be divided equally between the plaintiffs in the judgment. These are itemized in Exhibit 2 to this Affidavit, which consists of Landye Bennett Blumstein LLP's records for the plaintiffs' matters.  They are summarized as follows:

/////

Page 3 -  DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

736706.DOC.14501-002

| Document Reproduction ("DR") | $ | 512.55 |
|---|---|---|
| Document Reproduction Outsourced ("DRO") | $ | 229.35 |
| Postage ("PST") | $ | 11.92 |
| Total | $ | 753.82 |

12.     In addition to the costs and expenses set forth in paragraph 10 that are not included in overhead and that are not reflected in hourly rates already incurred, Plaintiffs seek the following estimated future such costs and expenses to be incurred in continuing collection efforts:

| Document Reproduction ("DR") | $ | 25.00 |
|---|---|---|
| Postage | $ | 10.00 |
| Total | $ | 35.00 |

## FACTORS CONSIDERED IN DETERMINING THE AMOUNT OF THE AWARD

13.     The specific factors supporting an award and the amount of legal fees appear in ORS 20.075[1]. Addressing the factors in 20.075(1) first:

---

[1] ORS 20.075 provides:
(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
    (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
    (b) The objective reasonableness of the claims and defenses asserted by the parties.
    (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
    (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
    (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
    (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
    (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
    (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Page 4 -   DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

(a)    *The conduct of the parties in the transactions.*  Defendant was the community manager for plaintiff homeowner associations.  It received monthly assessments or dues, which it was supposed to deposit into separate accounts for each association client and disburse the funds pursuant to instructions.  Instead, it put all of the funds it received into one account and not into separate accounts.  One of its employees, David Kobbeman, then "inappropriately allocated" (Defendant's words) or, to put it more plainly, took funds that were being held for Plaintiffs.  Defendant then tried to cover up this conduct by sending falsified bank statements and admittedly fraudulent information about these funds to Plaintiffs on a monthly basis.  This conduct was reckless, willful, or illegal and supports the requested award.  The General Judgment and Money Award awarded judgment on all of Plaintiffs' claims:  breach of contract, negligence, conversion, breach of fiduciary duty, and unfair trade practices.

(b)    *The objective reasonableness of claims and defenses.*  The court entered the General Judgment and Money Awards based on the pleadings, the declarations of Plaintiffs, and documents containing the admissions of Defendant as to Defendant's conduct, its inappropriateness, and the damages.  Thus, the claims are reasonable.  Defendant has not raised any defenses.

(c)    *The extent to which an award of fees would deter others from asserting good faith*

---

(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

    (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

    (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

    (c) The fee customarily charged in the locality for similar legal services.

    (d) The amount involved in the controversy and the results obtained.

    (e) The time limitations imposed by the client or the circumstances of the case.

    (f) The nature and length of the attorney's professional relationship with the client.

    (g) The experience, reputation and ability of the attorney performing the services.

    (h) Whether the fee of the attorney is fixed or contingent.

Page 5 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

736706.DOC.14501-002

1  *claims and defenses.* This factor is not applicable in this default situation.

2      (d)    *The extent to which an award of fees would deter others from asserting meritless*

3  *claims and defenses.* This factor is not applicable in this default situation.

4      (e)    *The objective reasonableness of the parties and their diligence in the proceedings.*

5  Plaintiffs have acted reasonably in bringing this lawsuit, obtaining judgment, in seeking to

6  collect the judgment from Defendant's insurer, and in their collection efforts.

7      (f)    *The objective reasonableness of the parties in seeking settlement.* Defendant has

8  not contacted Plaintiffs for settlement.

9      (g)    *The amount awarded as a prevailing party fee under ORS 20.190.* This factor is

10  not applicable here.

11    14.    Addressing the factors in ORS 20.075(2):

12      (a)    *The time and labor required, the novelty and difficulty of the questions involved,*

13  *and the skill needed to properly perform the legal services.* The time incurred, as reflected on

14  Exhibit 1, was reasonably incurred to, among other things detailed in Exhibit 1: (1) communicate

15  with Defendant's insurer about Plaintiffs' garnishment of insurance proceeds to be paid to

16  Defendant under Defendant's employee dishonesty insurance coverage; (2) garnish said

17  insurance proceeds; (3) serve discovery and hold a judgment debtor examination to obtain

18  information required by Defendant's insurer that Defendant failed to submit in order to perfect

19  its claim under its employee dishonesty insurance coverage; (4) advise and represent Plaintiffs in

20  regard to their participation in criminal proceedings brought by the U.S. Department of Justice

21  against Defendant's employee who embezzled the funds, which involved the possibility of

22  restitution; (5) communicate with Defendant's counsel in regard to collection of the judgment by

23  garnishing insurance proceeds due to Defendant; and (6) communicate directly with the

24  insurance company that issued Defendant's employee dishonesty insurance coverage and its

25  legal counsel, with whom Defendant's policy claim remains pending.

26      (b)    *The likelihood that the acceptance of the particular employment by the attorney*

Page 6 -  DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR
SUPPLEMENTAL ATTORNEY FEES

736706.DOC.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

1   *would preclude other employment.* Not applicable.

2        (c)    *The fee customarily charged in the locality for similar legal services.* Not

3 applicable. Attached as Exhibits 3 and 4 are Mr. Cohen's and Mr. Crane's resumes. Mr. Cohen

4 has been an attorney since 1985; Mr. Crane since 1976. Their rates are reasonable for attorneys

5 of their experience.

6        (d)    *The amount in controversy and result obtained.* The amount of the General

7 Judgment and Money Award, including damages, fees, and costs awarded, is $149,014.89; the

8 requested fees for collection are not disproportionate to that amount.

9        (e)    *The time limitations imposed by the client or the circumstances of the case.*

10 Plaintiffs believe that they are making progress in obtaining the information from Defendant that

11 will be submitted to Defendant's insurer in order to have the insurer approve Defendant's claim

12 under the employee dishonesty policy. Once all such information is submitted to the insurer,

13 Plaintiffs' counsel intends to send a supplemental writ of garnishment for the amount of this

14 supplemental judgment, thereby obtaining insurance proceeds to pay both the General Judgment

15 and the Supplemental Judgment, which, on information and belief, are the only assets available

16 to pay those judgments.

17        (f)    *The nature and length of the attorney's professional relationship with the client.*

18 Landye Bennett Blumstein LLP has represented plaintiff Cedar Lake since April 2012 and

19 plaintiff Decatur Bridgewater since June 2012.

20        (g)    *The experience, reputation, and ability of the attorneys.* Mr. Cohen and Mr. Crane

21 are experienced civil litigation attorneys. Their resumes are Exhibits 3 and 4 to this declaration.

22        (h)    *Whether the fee is fixed or contingent.* The fee is at fixed hourly rates.

23 COSTS

24     15.    As authorized by ORCP 68 A(2), Plaintiffs are entitled to recover costs of $242.69, to

25 be divided equally between them. Such costs are billed directly to the clients and are not

26 overhead expenses already reflected in the hourly rate or fee. These costs were reasonably and

Page 7 -   DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

736706.DOC.14501-002

necessarily incurred and are itemized in Exhibit 2 to this Declaration. Exhibit 2 shows the costs as allocated to each plaintiff by my accounting system, but the plaintiffs have agreed that costs were to be paid equally by each. The costs are summarized as follows:

| | |
|---|---|
| Witness Fee for Judgment Debtor Exam ("WF") | $    70.00 |
| Messenger for service of pleadings | $    34.94 |
| Service Fees for Judgment Debtor Exam ("PSF") | $   137.75 |
| TOTAL | $   242.69 |

16.     Exhibit 2 sets forth the specific basis for the award and amount of fees as required by ORS 20.075.

17.     In anticipation of efforts that will be spent in collection proceedings, Plaintiffs seek the additional sum of $70.00 reasonably estimated to be incurred in continuing collection efforts:

| | |
|---|---|
| Garnishment Fees ("GRNF") | $    35.00 |
| Sheriff Fee ("SC") | $    25.00 |
| Messenger ("MDS") | $    10.00 |
| Total | $    70.00 |

18.     Summarizing the above, Plaintiffs are entitled to the following awards:

| | |
|---|---|
| Attorney Fees (¶¶9, 10, 11, and 12) | $   14,851.82 |
| Costs (¶¶ 15, 17) | $       312.69 |
| TOTAL | $   15,164.51 |

The total of $15,164.51 is for reasonable and necessary attorney fees and costs, both to be divided equally between Plaintiffs.

/////

/////

/////

Page 8 -   DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY FEES

736706.DOC.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

1         I hereby declare that the above statement is true to the best of my knowledge and belief,

2    and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

3         DATED this ___ day of February, 2014.

4                   LANDYE BENNETT BLUMSTEIN LLP

5

6                   By:_____

7                      James S. Crane, OSB #901420
                  *Of Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 9 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR
           SUPPLEMENTAL ATTORNEY FEES

*736706.DOC. 14501-002*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14533-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 2/12/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Emails regarding default judgment hearing | T | 0.1000 | 300.0000 | 30.0000 |
| 2/13/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Emails regarding default judgment hearing | T | 0.2000 | 300.0000 | 60.0000 |
| 3/6/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Email from Mr. Brams (.1); draft declaration (.2) | T | 0.3000 | 300.0000 | 90.0000 |
| 3/7/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with James S. Crane regarding status of litigation and prima facia hearing | T | 0.1000 | 330.0000 | 33.0000 |
| 3/7/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Telephone call from and email to insurance attorney | T | 0.1000 | 300.0000 | 30.0000 |
| 3/11/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Draft declaration for John Brams (.3); review judgment regarding possible change (.2); email to Brams regarding dclaration (.1) | T | 0.6000 | 300.0000 | 180.0000 |
| 3/12/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review file and prepare for hearing (.7) | T | 0.7000 | 300.0000 | 210.0000 |
| 3/14/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Prepare for default hearing (.5) | T | 0.5000 | 300.0000 | 150.0000 |
| 3/15/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with client and prepare for hearing, attend hearing (1.0) | T | 1.0000 | 300.0000 | 300.0000 |
| 3/18/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review and fill out garnishment documents (.1); email to attorney Maloney (.1) | T | 0.4000 | 300.0000 | 120.0000 |
| 3/28/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review and revise writs and accompanying documents (.2) | T | 0.2000 | 300.0000 | 60.0000 |

Exhibit 1
1 of 14

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14533-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|------------------------|-------|-------|-------|
| 3/29/2013 | JSC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Telephone conference with attorney for Sentinel Insurance (.1) | T | 0.1000 | 300.0000 | 30.0000 |
| 4/15/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Telephone conference with Mr. Campbell regarding settlement; correspondence with board regarding same | T | 0.1000 | 330.0000 | 33.0000 |
| 5/15/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Conference with James S. Crane regarding status of debtor's exam and preparation of litigation budget | T | 0.1000 | 330.0000 | 33.0000 |
| 5/21/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Correspondence with client regarding estimated out of pocket costs to move through debtor's exam and other immediate steps in the collection process | T | 0.1000 | 330.0000 | 33.0000 |
| 6/17/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Review materials to assist James S. Crane with debtors exam; conference with James S. Crane regarding same | T | 0.7000 | 330.0000 | 231.0000 |
| 6/18/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Continue analysis of documents for debtors exam; conference with James S. Crane regarding same | T | 0.5000 | 330.0000 | 165.0000 |
| 7/2/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Conference with Mr. Cox regarding potential argument for preference by bankruptcy trustee; conference with with James S. Crane regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 7/8/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Telephone conference with Assistant US Attorney regarding potential guilty plea by Mr. Kobbeman; correspondence with client regarding same; conference with James S. Crane regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 7/17/2013 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Meet with James S. Crane and Patrick T. Foran | T | 0.1000 | 330.0000 | 33.0000 |

2/17/2014 10:12 AM

Exhibit 1<br>2 of 14

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14533-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------|-----|-------|-------|-------|
| | | regarding plea and FBI meeting | | | | |
| 7/18/2013 | PTF | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Confer with James S. Crane about case in<br>preparation for FBI investigation meeting; | T | 0.2000 | 180.0000 | 36.0000 |
| 7/20/2013 | PTF | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review and respond to e-mail from Department of<br>Justice; | T | 0.1000 | 180.0000 | 18.0000 |
| 7/23/2013 | PTF | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review file; prepare for meeting with investigators;<br>e-mails to client about meeting and sentencing<br>heraring; | T | 0.5000 | 180.0000 | 90.0000 |
| 7/24/2013 | PTF | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Confer with client; attend sentencing of David<br>Kobbeman; attend meeting with victims and US<br>Assistant Attorney General and FBI Special<br>Investigator; send e-mail memorandum to Stuart K.<br>Cohen and James S. Crane about sentencing and<br>meeting; send e-mail to client with victim impact<br>statement form; | T | 1.5000 | 180.0000 | 270.0000 |
| 7/30/2013 | PTF | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Confer with James S. Crane about sentencing of<br>Kobbeman as well as contact information for US<br>Attorney and FBI agent; | T | 0.1000 | 180.0000 | 18.0000 |
| 11/13/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review claim letter to attorney for insurance<br>company | T | 0.1000 | 330.0000 | 33.0000 |
| 11/15/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review correspondence from Mr. Sturm regarding<br>acknowledgement of receipt of claim | T | 0.1000 | 330.0000 | 33.0000 |
| 11/25/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with James S. Crane regarding status of<br>claims and insurance companies request for<br>additional information; review files regarding same | T | 0.2000 | 330.0000 | 66.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
matter id = '14533-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
|      |      |      | Grand Total | 9.1000 |      | 2,517.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Summary Report

Search Description:
matter id = '14533-002' and fees and date > 1/24/13 (excluding component flat )

| | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| **Professional: Stuart K. Cohen** | | | | | |
| | 2.5000 | 3,960.0000 | 825.0000 | 0.00 | 825.00 |
| **Professional: James S. Crane** | | | | | |
| | 4.2000 | 3,300.0000 | 1,260.0000 | 0.00 | 1,260.00 |
| **Professional: Patrick T. Foran** | | | | | |
| | 2.4000 | 900.0000 | 432.0000 | 0.00 | 432.00 |
| | 9.1000 | | 2,517.0000 | 0.00 | 2,517.00 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|--------------------------------------------------|---------------------|-------|-------|-------|
| 2/6/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Receive and respond to correspondence from client inquring about status of cases | T | 0.1000 | 330.0000 | 33.0000 |
| 2/12/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Email regarding default judgmetn hearing | T | 0.1000 | 300.0000 | 30.0000 |
| 2/13/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Emails regarding default judgment hearing | T | 0.2000 | 300.0000 | 60.0000 |
| 2/25/2013 | SGB | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Prepare Hearing Subpoena Duces Tecum for CPA Bram; confer with James S. Crane regarding same. | T | 1.1000 | 140.0000 | 154.0000 |
| 3/6/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review email from Mr. Brams (.1); Draft Brams declaration (.2) | T | 0.3000 | 300.0000 | 90.0000 |
| 3/7/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Telephone call from and email to insurance attorney | T | 0.1000 | 300.0000 | 30.0000 |
| 3/11/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Draft affidavit for John Brams and email to Brams (.3); brief review of form of judgment regarding possible change (.2); email to Mr. Adams (.1) | T | 0.6000 | 300.0000 | 180.0000 |
| 3/12/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review file and prepare for default judgment hearing (.5) | T | 0.7000 | 300.0000 | 210.0000 |
| 3/14/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Prepare for default hearing (.5) | T | 0.5000 | 300.0000 | 150.0000 |
| 3/15/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Conference with client regarding default hearing and attend hearing (1.0) | T | 1.0000 | 300.0000 | 300.0000 |
| 3/18/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review and fill out garnishment documents (.3); | T | 0.4000 | 300.0000 | 120.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| | | email to attorney Maloney regarding judgment (.1) | | | | |
| 3/19/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Emails with Mr. Watson regarding press interview | T | 0.1000 | 300.0000 | 30.0000 |
| 3/20/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Email with Mr. Watson (.1) | T | 0.1000 | 300.0000 | 30.0000 |
| 3/28/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review and proof writs and accompanying<br>documents (.2) | T | 0.2000 | 300.0000 | 60.0000 |
| 3/29/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with attorney for Sentinel<br>Insurance (.1) | T | 0.1000 | 300.0000 | 30.0000 |
| 4/4/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding status of<br>garnishment; correspondence with Mr. Lloyd<br>regarding request for policy information | T | 0.1000 | 330.0000 | 33.0000 |
| 4/9/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft payment demand letter to defendant (.2); email<br>to clients regarding status (.2) | T | 0.4000 | 300.0000 | 120.0000 |
| 4/10/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review letter from attorney for Sentinel Insurance<br>(.2); telephone conference with attorney for Sentinel<br>Insurance (.2); analyze issues (.2); email to clients<br>regarding status (.1) | T | 0.7000 | 300.0000 | 210.0000 |
| 4/11/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Legal research regarding creditor's remedies (.2) | T | 0.2000 | 300.0000 | 60.0000 |
| 4/15/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Brief legal research regarding creditor's bill (.2);<br>status report to Stuart K. Cohen (.2); email to<br>attorney Sturm regarding creditor's bill (.2) | T | 0.6000 | 300.0000 | 180.0000 |

## Landye Bennett Blumstein LLP / Portland
### Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|---------------------------------------------------|---------------------|-------|-------|-------|
| 4/15/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Provide status report to client for annual meeting and request to provide discovery documents | T | 0.2000 | 330.0000 | 66.0000 |
| 4/19/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review and analyse letter from Sentinel's counsel (.2); telephone conference with Sentinel's counsel regarding same (.2); memorandum to Stuart K. Cohen (.1); | T | 0.5000 | 300.0000 | 150.0000 |
| 4/23/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Receive and review materials from client regarding State Farm claim; correspondence with client regarding same; receive discovery materials from client; review same and gather additional documents; correspondence with client regarding same | T | 0.9000 | 330.0000 | 297.0000 |
| 5/3/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review laws regarding collection of judgment (.2); draft interrogatories (.5) | T | 0.7000 | 300.0000 | 210.0000 |
| 5/7/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Update to client | T | 0.1000 | 300.0000 | 30.0000 |
| 5/9/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Emails with Sentiinel counsel (.3) | T | 0.3000 | 300.0000 | 90.0000 |
| 5/15/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Conference with with James S. Crane regarding status of debtor's exam and budget for same | T | 0.1000 | 330.0000 | 33.0000 |
| 5/21/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Attend ex parte for judgment debor hearing (.7) | T | 0.7000 | 300.0000 | 210.0000 |
| 5/22/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Draft subpoena duces tecum for Seintine (.3); Telephone conference with attorney for Sentinel and review email from same; | T | 0.6000 | 300.0000 | 180.0000 |

2/17/2014 10:14 AM

Exhibit 1
8 of 14

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 5/28/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review and respond to email from attorney for<br>Sentinel Insurance | T | 0.2000 | 300.0000 | 60.0000 |
| 5/29/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with attorney for insurance<br>company regarding subpoena | T | 0.2000 | 300.0000 | 60.0000 |
| 6/7/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review and respond to email from attorney Sturm for<br>Sentinel (.1) | T | 0.1000 | 300.0000 | 30.0000 |
| 6/10/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review and respond to email regarding status (.1); | T | 0.1000 | 300.0000 | 30.0000 |
| 6/11/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with attorney for Sentinel<br>regarding subpoena (.2); revise subpoena (.2) | T | 0.4000 | 300.0000 | 120.0000 |
| 6/17/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review materials to assist James S. Crane with<br>debtors exam; conference with James S. Crane<br>regarding same | T | 0.7000 | 330.0000 | 231.0000 |
| 6/17/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review documents from Sentinel Insurance Co. and<br>prepare for judgment debtor exam (2.0) | T | 2.0000 | 300.0000 | 600.0000 |
| 6/18/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Continue analysis of documents for debtors exam;<br>conference with James S. Crane regarding same | T | 0.5000 | 330.0000 | 165.0000 |
| 6/18/2013 | JFL | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare hearing exhibits; deliver materials to<br>courtroom during hearing; | T | 1.0000 | 150.0000 | 150.0000 |
| 6/18/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare for and attend Judgment Debtor exam (2.0);<br>email to clients regarding same (.2) | T | 2.2000 | 300.0000 | 660.0000 |

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------|------|------|------|------|
| 7/2/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with Mr. Cox regarding potential<br>argument for preference by bankruptcy trustee;<br>conference with James S. Crane regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 7/2/2013 | CTC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Cponf w S Cohen regarding preference risk in<br>bankruptcy for garnishment | T | 0.2000 | 410.0000 | 82.0000 |
| 7/8/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with US Attorney regarding<br>potential guilty plea and sentencing; correspondence<br>with client regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 7/17/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane and Patrick T.<br>Foran regarding plea and FBI meeting | T | 0.1000 | 330.0000 | 33.0000 |
| 7/18/2013 | PTF | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Confer with James S. Crane about case in<br>preparation for FBI investigation meeting; | T | 0.2000 | 180.0000 | 36.0000 |
| 7/20/2013 | PTF | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review and respond to e-mail from Department of<br>Justice; | T | 0.1000 | 180.0000 | 18.0000 |
| 7/23/2013 | PTF | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare for meeting with investigators; review<br>pleadings; e-mails to and from client representatives<br>about meeting and sentencing; | T | 0.5000 | 180.0000 | 90.0000 |
| 7/24/2013 | PTF | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Confer with client; attend sentencing of David<br>Kobbeman; attend meeting with victims and US<br>Assistant Attorney General and FBI Special<br>Investigator; send e-mail memorandum to Stuart K.<br>Cohen and James S. Crane about sentencing and<br>meeting; send e-mail to client with victim impact<br>statement form; | T | 1.5000 | 180.0000 | 270.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|--------------------------------------------------------|------------------------|-------|-------|-------|
| 7/29/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review Lloyd's responses to interrogatories (.3);<br>telephone call to Lloyd's attorney regarding<br>documents (.2) | T | 0.5000 | 300.0000 | 150.0000 |
| 7/30/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review documents from Lloyd (.5); review<br>documents from Sentinel (.3); email to attorney<br>Griffith (.2); analyze issues to complete proof of<br>claim (.3) | T | 1.3000 | 300.0000 | 390.0000 |
| 7/30/2013 | PTF | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Confer with James S. Crane about sentencing of<br>Kobbeman as well as contact information for US<br>Attorney and FBI agent; | T | 0.1000 | 180.0000 | 18.0000 |
| 8/5/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Email to client regarding status | T | 0.2000 | 300.0000 | 60.0000 |
| 8/12/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review email from attorney for NW Empire | T | 0.1000 | 300.0000 | 30.0000 |
| 8/14/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft motion for supplemental judgment, declaration,<br>and supplemental judgment; review email from<br>attorney Griffith | T | 2.8000 | 300.0000 | 840.0000 |
| 8/16/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Revise motion for supplemental judgment (.2) | T | 0.2000 | 300.0000 | 60.0000 |
| 8/26/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with attorney Griffith (.2) | T | 0.2000 | 300.0000 | 60.0000 |
| 10/1/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review documents from attorney Griffith (.3); reveiw<br>file for documents to add to insurance claim (.3);<br>telephone call to attorney Griffith (.2); email to<br>clients (.2) | T | 1.0000 | 300.0000 | 300.0000 |

## Landye Bennett Blumstein LLP / Portland

### Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|------------------------------|------|--------|----------|----------|
| 10/2/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review materials from attorney Griffiths | T | 0.5000 | 300.0000 | 150.0000 |
| 10/9/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review Lloyd affidavit and email to Griffin regarding same | T | 0.1000 | 300.0000 | 30.0000 |
| 11/11/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive and respond to correspondence from client regarding status of claim | T | 0.1000 | 330.0000 | 33.0000 |
| 11/13/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review claim letter to attorney for insurance company | T | 0.1000 | 330.0000 | 33.0000 |
| 11/15/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review correspondence from Mr. Sturm regarding acknowledgement of receipt of claim | T | 0.1000 | 330.0000 | 33.0000 |
| 11/25/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding status of claims and insurance companies request for additional information; review files regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 11/25/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with attorney Sturm regarding status of insurance claim (.2); review documents submitted to insurer (.2) | T | 0.4000 | 300.0000 | 120.0000 |
| 11/26/2013 | JFL | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Excerpt Chase Bank statements from document production and burn disks of same; | T | 0.4000 | 150.0000 | 60.0000 |
| 1/6/2014 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive correspondence from client regarding status; conference with James S. Crane regarding same | T | 0.1000 | 350.0000 | 35.0000 |
| 1/7/2014 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Correspondence with James S. Crane regarding | T | 0.1000 | 350.0000 | 35.0000 |

2/17/2014 10:14 AM

Exhibit 1
12 of 14

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------|------------------------|-------|-------|-------|
| | | status of claim; correspondence with Mr. Watson regarding same | | | | |
| 1/20/2014 | SKC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Correspondence with client regarding status of claim and statute of limitations issue | T | 0.1000 | 350.0000 | 35.0000 |
| 1/28/2014 | JSC | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Review emails from attorney Griffith (.1); download and review documents from Dropbox (.3); letter to attorney Sturm (.2) | T | 0.6000 | 300.0000 | 180.0000 |
| 1/28/2014 | JFL | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation<br>Download and burn disk of documents provided by Griffith; | T | 0.2000 | 150.0000 | 30.0000 |
| | | | Grand Total | 31.5000 | | 8,891.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Summary Report

Search Description:
matter id = '14501-002' and fees and date > 1/24/13 (excluding component flat )

| | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| **Professional: Stuart K. Cohen** | | | | | |
| | 3.9000 | 5,670.0000 | 1,293.0000 | 0.00 | 1,293.00 |
| **Professional: James S. Crane** | | | | | |
| | 22.3000 | 12,600.0000 | 6,690.0000 | 0.00 | 6,690.00 |
| **Professional: Conde T. Cox** | | | | | |
| | 0.2000 | 410.0000 | 82.0000 | 0.00 | 82.00 |
| **Professional: Patrick T. Foran** | | | | | |
| | 2.4000 | 900.0000 | 432.0000 | 0.00 | 432.00 |
| **Professional: Sandra G. Bledsoe** | | | | | |
| | 1.1000 | 140.0000 | 154.0000 | 0.00 | 154.00 |
| **Professional: Joseph F. Larson** | | | | | |
| | 1.6000 | 450.0000 | 240.0000 | 0.00 | 240.00 |
| | 31.5000 | | 8,891.0000 | 0.00 | 8,891.00 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Summary Report

Search Description:
matter Id = '14533-002' and soft costs and date > 1/24/13

| | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| *Component: DR* | | | | | |
| | 462.9667 | 4.9500 | 69.4450 | 0.00 | 69.45 |
| | 462.9667 | | 69.4450 | 0.00 | 69.45 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Summary Report

Search Description:
matter id = '14501-002' and soft costs and date > 1/24/13

| | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| *Component: DR* | | | | | |
| | 2,953.9667 | 52.3500 | 443.0950 | 0.00 | 443.10 |
| *Component: PST* | | | | | |
| | 3.0000 | 11.9200 | 11.9200 | 0.00 | 11.92 |
| | 2,956.9667 | | 455.0150 | 0.00 | 455.02 |

## Landye Bennett Blumstein LLP / Portland
### Transactions Listing Report

Search Description:
matter id = '14501-002' and hard costs and date > 1/24/13 (excluding component mcah )

| Date | Prof | MatterID/Client Sort Matter Description Narrative | Component Task Code | Units | Price | Value |
|------|------|--------------------------------------------------|---------------------|-------|-------|-------|
| **Component: DRO** | | | | | | |
| 9/10/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation DTI | DRO | 1.0000 | 229.3500 | 229.3500 |
| | | | Component: DRO | 1.0000 | | 229.3500 |
| **Component: MDS** | | | | | | |
| 2/12/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation MercuryPDX LLC | MDS | 1.0000 | 5.4200 | 5.4200 |
| 4/10/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation MercuryPDX LLC | MDS | 1.0000 | 5.4100 | 5.4100 |
| 6/19/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation MercuryPDX LLC | MDS | 1.0000 | 4.7200 | 4.7200 |
| 7/11/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation MercuryPDX LLC | MDS | 1.0000 | 4.6000 | 4.6000 |
| 11/25/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation MercuryPDX LLC | MDS | 1.0000 | 14.7900 | 14.7900 |
| | | | Component: MDS | 5.0000 | | 34.9400 |
| **Component: PSF** | | | | | | |
| 6/7/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation Nationwide Process Service, Inc. | PSF | 1.0000 | 65.5000 | 65.5000 |
| 6/13/2013 | | 14501-002 / Cedar Lake Homeowners Association Embezzlement Litigation Nationwide Process Service, Inc. | PSF | 1.0000 | 72.2500 | 72.2500 |
| | | | Component: PSF | 2.0000 | | 137.7500 |

2/17/2014 10:38 AM

Exhibit 2
3 of 4

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
matter id = '14501-002' and hard costs and date > 1/24/13 (excluding component mcah )

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------------|------------------------|-------|-------|-------|
| **Component: WF** | | | | | | |
| 2/26/2013 | | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>John Brams, CPA | WF | 1.0000 | 35.0000 | 35.0000 |
| 5/22/2013 | | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>John Brams, CPA | WF | 1.0000 | 35.0000 | 35.0000 |
| | | | Component: WF | 2.0000 | | 70.0000 |
| | | | Grand Total | 10.0000 | | 472.0400 |

2/17/2014 10:38 AM

Exhibit 2
4 of 4

# STUART KENNETH COHEN

1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone: (503) 224-4100

## EXPERIENCE

**1998-Present**  LANDYE BENNETT BLUMSTEIN LLP                    Portland, OR
Partner: Intellectual property rights, litigation, computer law, and real estate transactions.

**1989-1998**  COHEN & WU                                        Portland, OR
Partner: Real estate transactions, business transactions, intellectual property rights, litigation, and computer law.

**1987-89**  BAUER, HERMANN, FOUNTAIN & RHOADES, P.C.            Portland, OR
Associate: Intellectual property rights, computer and franchise law. Development of a form system of technology agreements; standardization of trademark registration process. Engineered software protection strategies through licenses, escrow agreements and copyright registrations. Successful defense of litigation regarding breach of software license agreement. Prosecution of trademark registrations. Drafting of agreements for international and domestic software distribution. Participation in all phases of the conversion of a major financial institution's in-house data processing center to a service bureau.

**1985-87**  BERNARD, KNEELAND, CRAWFORD & BROPHY                Portland, OR
Associate: Corporate counsel to a large automobile distributor; duties included analysis of distributor agreements, franchise termination and franchise rights; litigation support of creditor's rights, commercial law, real property and construction law matters; negotiation of real property transactions, drafting of product development and confidentiality agreements.

**1982-85**  HERMANN & ASSOCIATES                                Portland, OR
Law Clerk: Land use and real estate matters, intellectual property rights, computer law and litigation support. General counsel to a software house; research of copyright and trademark questions; drafting of software licenses, dealership and confidentiality agreements.

**Summer 1984**  WITHERSPOON, KELLEY, DAVENPORT & TOOLE         Spokane, WA
Law Clerk: Litigation support and counsel to a financial institution. Research and drafting of documents in the areas of creditor's rights and commercial law. Preparation for and participation in a two week trial involving the enforcement of a shareholder agreement for the sale of a closely held construction business.

Exhibit 3
1 of 3

## EDUCATION

1982-85    NORTHWESTERN SCHOOL OF LAW OF LEWIS & CLARK COLLEGE
Portland, OREGON
J.D. with Honors.  Awards: Outstanding Oral Advocacy; American Jurisprudence
Award; Wills/Trust/Future Interests and Torts II.

1981    UNIVERSITY OF BATH  Bath, ENGLAND
Finance/European History

1978-82    WHITMAN COLLEGE  Walla Walla, WASHINGTON
B.A. Economics - Minor: History

1974-78    ROBERT LOUIS STEVENSON SCHOOL  Pebble Beach, CALIFORNIA
Outstanding Athlete: Swimming

## ORGANIZATIONS/COMMITTEES

2003-Present  COMMUNITY ASSOCIATIONS INSTITUTE, Past President, current board member

1988-Present  OREGON STATE BAR COMPUTER LAW SECTION:  Past Chairman,
Newsletter Editor, Secretary and Board Member

1985-Present  OREGON STATE BAR REAL ESTATE & LAND USE SECTION: Member

1988-2003  PACIFIC RIM COMPUTER LAW INSTITUTE:  Speaker, Planning
Committee Member, and Chairman

1987-89  TIGARD CITY CENTER REVITALIZATION TASK FORCE:
Chairman Award: Key to City of Tigard

1989  CITIZENS FOR TIGARD: Chairman

1987-Present  TIGARD ROTARY: Board Member, Secretary, Past President,
District Governor's Representative, and Couple of the Year (1997)

1985-87  PORTLAND ROTARACT: Vice-President, Treasurer, Board Member

1985-Present  OREGON STATE BAR: Active Member

1985-Present  U.S. DISTRICT COURT - OREGON

1995-1999  FOREST HEIGHTS HOMEOWNERS ASSOCIATION: Board of Directors,
Secretary, and Chairman Homeowners Advisory Board, Legal Counsel

1996-Present  TIGARD ROTARY FOUNDATION: Chairman of the Board and Board Member

## INTERESTS

Exhibit 3
2 of 3

International travel, scuba diving, skiing, white-water rafting, and gourmet cooking

Exhibit 3
3 of 3

# JAMES S. CRANE

## Experience Summary

Jim Crane is a partner in Landye Bennett Blumstein LLP's Portland office and has practiced business, insurance, real estate, and environmental litigation with the firm since 1978.

Mr. Crane started as an associate in the firm's Anchorage office, where his clients included Alaska Native Village and Regional Corporations in business and corporate litigation and on issues arising under the Alaska Native Claims Settlement Act. He and his family moved to Portland in 1990. Prior to Landye Bennett Blumstein, Mr. Crane worked for Johnson, Christenson, Shamberg, and Glass in Anchorage, representing individuals on a wide variety of legal matters, and Teamsters Local 959 on labor issues. Before law school, Mr. Crane worked for the Appalachian Regional Commission in Washington D.C. as a researcher, grant specialist, and analyst in the areas of education, housing, and solid waste disposal.

## Admissions

State of Alaska, 1976; United States Supreme Court, 1977, U.S. Ninth Circuit Court of Appeals, 1976; U.S. District Court for the District of Alaska, 1976; State of Oregon, 1990; U.S. District Court for the District of Oregon, 1990; State of Washington, 2002

## Education

JD – Northeastern University School of Law, 1976
MA – University of Toronto, Political Economy, 1971
BA – University of California, Santa Cruz, Politics (with Honors), 1970

## Professional Organizations

American Bar Association, Torts and Insurance Practice Section; Litigation Section; Oregon State Bar Association; Multnomah County Bar Association; Alaska Bar Association; American Association for Justice; Oregon Trial Lawyers Association; Washington Bar Association; Washington Association for Justice.

## Publications/Speeches

Mr. Crane has written and spoken on environmental insurance law for the Oregon State Bar, and on spoliation of evidence for the Aviation Section of the Oregon State Bar and the Oregon Trial Lawyers Association.

## Representative Cases

*King v. Teamsters*, 572 P2d 1168 (Alaska 1977) (appeal on issues of arbitration of labor dispute; punitive damages)

*Gay Coalition of Anchorage v. Sullivan*, 578 P2d 951 (Alaska 1978) (attorney for amicus curiae ACLU on free speech issues)

*Donnelly v. Eklutna, Inc.*, 973 P2d 87 (Alaska 1999) (appeal on Alaska Native Claims Settlement Act issues)

*Koniag, Inc. v. Koncor, et al.*, U.S. District Court for the District of Alaska (1992-1994) (Interpretation of rights of owners of surface and subsurface estates to sand and gravel under the Alaska Native Claims Settlement Act – pleadings, motions, discovery, trial, appeal)

*CNA, et al. v. General Metals of Tacoma, Inc.*, U.S. District Court for Western District of Washington, 1992-1994 (environmental insurance recovery -- pleadings, discovery, motions).

*Malarkey Asphalt Company*, Seattle Washington (1995-2003) (environmental insurance recovery and private party cost recovery of 100% of client's claim through settlement without litigation).

*City of Seattle v. Malarkey Asphalt Company*, King County Superior Court, Washington, 2006-2008 (environmental cost recovery, pleadings, discovery, motions)

*Eager v. State of Oregon Department of Fish and Wildlife*, Multnomah County Circuit Court, Oregon, 2010-2011 (constitutional challenge to non-resident commercial fishing license and permit fees)

*Strawn v. Farmers Insurance Co., et al.*, Multnomah County Circuit Court, Oregon 1999-2014 (consumer fraud in auto insurance)

Exhibit 4
1 of 1

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on February 18, 2014, I served the foregoing **DECLARATION OF**

3  **JAMES S. CRANE IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF**

4  **SUPPLEMENTAL ATTORNEY FEES AND COSTS AND SUPPLEMENTAL**

5  **JUDGMENT** on the following individual:

6

7                    William Tyler Griffith
                    William Tyler Griffith AAL
8                    819 SE Morrison St., Rm. 255
                    Portland, OR 97214
                    Tel: 503-360-8881
9                    williamtylergriffith@gmail.com

10                   *Of Attorneys for Sentinel Insurance Company*

11
by first class U.S. mail.
12

13                              LANDYE BENNETT BLUMSTEIN LLP

14

15                              Kathy Baker, Asst. to James S. Crane
                               Of Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

720779.doc.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

FILED

13 JUN 18 PM 2: 44

CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation, | Case No. 1211-14420 |
| Plaintiffs, | **ACCEPTANCE OF SERVICE** |
| v. | |
| **NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation, | |
| Defendant. | |

ENTERED

JUN 2 6 2013

IN REGISTER NM

Due service of the within Subpoena Duces Tecum – Judgment Debtor Examination for June 18, 2013, at 11:00 am, is hereby accepted on behalf of defendant Northwest Empire Community Management, Inc. ("Defendant"). The undersigned warrants his authority to accept service on behalf of Defendant and hereby waives any defect to the manner of service and content of the Subpoena Duces Tecum – Judgment Debtor Examination served upon Defendant.

DATED this 14 day of June, 2013.

MALONEY LAUERSDORF & REINER

By: _____
Kyle A. Sturm
Of Attorneys for Defendant

Page 1 - ACCEPTANCE OF SERVICE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

722829.1 4501-002

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on June 17, 2013, I served the foregoing **ACCEPTANCE OF**

3   **SERVICE** on the following individual:

4                                Kyle A. Sturm
                          Maloney Lauersdorf Reiner PC
5                          117 SW Taylor St., Suite 300
                               Portland, OR 97204
6                              ks@coveragelit.com

7

8   by first class U.S. mail.

9                                    LANDYE BENNETT BLUMSTEIN LLP

10

11                                   _____

12                                   Kathy Baker, Asst. to James S. Crane
                                     Of Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 -   CERTIFICATE OF SERVICE

720779.14501-002

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

ENTERED

MAY 31 2013

IN REGISTER CDR

FILED

13 MAY 23 PM 3:03

CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation,

Plaintiffs,

v.

**NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation,

Defendant.

Case No. 1211-14420

**ORDER FOR JUDGMENT DEBTOR EXAMINATION OF JUDGMENT DEBTOR AND RESTRAINING ORDER**

This matter was heard on Plaintiffs' Motion for Examination of Judgment Debtor (Ex Parte), and it appearing from the Declaration of James S. Crane and the records and files herein that the judgment in this matter is unsatisfied and a notice of demand to pay judgment within 10 days was attempted to be served on Defendant in a manner provided by law; therefore, it is hereby

ORDERED that Gregory Lloyd, who is or was president of Northwest Empire Community Management, Inc., Defendant, appear before the presiding judge of the above-entitled court in Room No. 208 of the Multnomah County Courthouse, Portland, Oregon, on Tuesday, June 18, 2013, at the hour of 11:00 a.m., and answer under oath questions concerning any property or interest in property that defendant may have or claim; and it is further

ORDERED that Gregory Lloyd then and there produce for inspection and copying the following documents of Defendant:

Page 1 -   ORDER FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

720777.14501-002

1.    All documents concerning claims made with Sentinel Insurance Company, Limited (The Hartford) within the past 24 months under policy number 52 SBA PV0811SC and policy number 52 SBA ZV5572SC;

2.    All documents concerning communications with Sentinel Insurance Company Limited (The Hartford) within the past 24 months, including but not limited to letters, emails, text messages, claims submitted, proofs of claim, proofs of loss, affidavits, notes of communications, and memoranda of communications, and all documents transmitted with such communications;

3.    All documents concerning claims made with Philadelphia Insurance Companies within the past 24 months under policy number PHSD697856 and any predecessor policy;

4.    All documents concerning communications with Philadelphia Insurance Companies within the past 24 months, including but not limited to letters, emails, text messages, claims submitted, proofs of claim, proofs of loss, affidavits, notes of communications, and memoranda of communications, and all documents transmitted with such communications;

5.    All documents concerning communications with any insurance agent or broker concerning any general liability insurance policy, director and officers insurance policy, and/or employee dishonesty insurance policy made within the past 24 months, including but not limited to letters, emails, test messages, tweets, claims submitted, proofs of claim, proofs of loss, affidavits, notes of communications, and memoranda of communications, and all documents transmitted with such communications;

6.    Ledgers or other financial records showing all transfers to and withdrawals during the last 48 months by any officer, director, shareholder, or manager of Northwest Empire Community Management, Inc. of corporate funds or property and/or of funds held by Northwest Empire Community Management, Inc. for the benefit of its client homeowner associations. Such transfers and withdrawals include without limitation compensation, salaries, loans, dividends, reimbursements, unauthorized transfers or withdrawals, or otherwise, which have been made to

Page 2 -  ORDER FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*720777.14501-002*

1   or for any officer, director, shareholder, or manager during the last 48 months. 2. Restraining

2   defendant from selling, transferring, or in any manner disposing of any of defendant's property

3   liable to execution or garnishment, pending this proceeding; and it is further

4       ORDERED that Defendant be, and hereby is, restrained from selling, transferring, or in

5   any manner disposing of any of Defendant's property liable to execution or garnishment,

6   including but not limited to any proceeds received on account of insurance claims submitted

7   within the past 24 months, pending this proceeding.

8       DATED: _____5/22_____, 2013.

10                    Circuit Court Judge

14   Submitted by:

15   James S. Crane, OSB #90142
      Landye Bennett Blumstein LLP
16   Of Attorneys for Plaintiffs

Page 3 -  ORDER FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

720777.14501-002

ENTERED
MAY 3 1 2013
IN REGISTER CDR

FILED
13 MAY 23 PM 3: 03
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| CEDAR LAKE HOMEOWNERS ASSOCIATION, an Oregon domestic nonprofit corporation; and DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION, an Oregon domestic nonprofit corporation, | Case No. 1211-14420 |
| Plaintiffs, | DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR EXAMINATION OF JUDGMENT DEBTOR |
| v. | |
| NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC., fka Professional Community Management, Inc., an Oregon corporation, | |
| Defendant. | |

JAMES S. CRANE declares as follows:

1.    I am an attorney with Landye Bennett Blumstein LLP, counsel for the plaintiffs in this case.

2.    On or about May 9, 2013, I caused a notice of demand to pay judgment to be deposited in the U.S. mail by certified mail, return receipt requested, postage prepaid, in a sealed envelope addressed to Northwest Empire Community Management, Inc., Defendant, at 3000 NE Sandy Blvd., Portland OR 97232.

3.    A true copy of the demand is Exhibit 1 to this declaration.

4.    The judgment remains unsatisfied.

I hereby declare that the above statement is true to the best of my knowledge and belief,

/////

/////

Page 1 -    DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR EXAMINATION OF JUDGMENT DEBTOR

720747.14501-002

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

1    and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

2         DATED this 20th day of May, 2013.

3                          LANDYE BENNETT BLUMSTEIN LLP

4

5         By: _____
                 Stuart K. Cohen, OSB #851738
6                James S. Crane, OSB #901420
                 Of Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -  DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR
          EXAMINATION OF JUDGMENT DEBTOR

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)



JAMES S. CRANE
*jcrane@lbblawyers.com*
Admitted in Oregon, Washington, Alaska

May 9, 2013

**Certified Mail/Return Receipt Requested**
**Article 7196 9008 9111 8542 5444**

Mr. Gregory Lloyd
Northwest Empire Community Management, Inc.
3800 NE Sandy Blvd., #104
Portland, OR 97232

Re:     *Cedar Lake Homeowners Association and Decatur Bridgewater Vista*
        *Condominium Owners Association v. Northwest Empire Community*
        *Management, Inc.*
        **Multnomah County Circuit Court Case No. 1211-14420**

Dear Mr. Lloyd:

This firm represents the plaintiffs in the above-referenced matter.  Pursuant to ORS 18.265, plaintiffs hereby demand that defendant Northwest Empire Community Management, Inc. **pay within ten (10) days of the date of this letter** the amount of the judgment set forth below by remitting the amount to this office.  A copy of the judgment is enclosed.  The judgment was entered in Multnomah County Circuit Court on March 27, 2013:

| | |
|---|---:|
| Judgment: | $149,014.89 |
| Writ of Garnishment: | $29.50 |
| PostJudgment Interest 3/28-5/9/2013 at $36.74/day | $1,579.82 |
| Total Before Additional Postjudgment Interest | $150,624.21 |

Defendant must include additional postjudgment interest in the amount of $36.74 per day beginning on May 10, 2013 until the date of payment.

Please contact me if you have any questions.

Very truly yours,

James S. Crane

/kb
Enclosure

cc:   Stuart Cohen (via email w/o enc.)
      Neill Fishman (via email w/o enc.)
      Robert S. Watson (via email w/o enc.)

**Certified Article Number**
7196 9008 9111 8542 5444
**SENDERS RECORD**

Oregon: 1300 Southwest Fifth Avenue, Suite 3500 • Portland, Oregon 97201 • Tel: 503.224.4100 • Fax: 503.224.4133
Alaska: 701 West Eighth Avenue, Suite 1200 • Anchorage, Alaska 99501 • Tel: 907.276.5152 • Fax: 907.276.8433     72105414501-002

Exhibit 1
1 of 4



7196 9008 9111 8542 5444

RETURN RECEIPT REQUESTED

LANDYE BENNETT
BLUMSTEIN LLP
ATTORNEYS

1300 Southwest Fifth Avenue, Suite 3500 • Portland, Oregon 97201

Mr. Gregory Lloyd
Northwest Empire Community Management, Inc.
3800 NE Sandy Blvd., #104
Portland, OR 97232



neopost

049J82039581
$06.310
05/09/2013
Mailed From 97201
US POSTAGE

Exhibit 1
2 of 4

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS® MAIL CARRIER**
**DETACH ALONG PERFORATION**

PS Form 3811, January 2005

Domestic Return Receipt

2. Article Number

7196 9008 9111 8542 5444

3. Service Type  CERTIFIED MAIL™

4. Restricted Delivery? (Extra Fee)     ☐ Yes

1. Article Addressed to:

Mr. Gregory Lloyd
Northwest Empire Community
Management, Inc.
3800 NE Sandy Blvd., #104
Portland, OR 97232

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery

C. Signature
X                                  ☐ Agent
                                   ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:           ☐ No

James S. Crane
Landye Bennett Blumstein LLP
1300 SW 5th Avenue
Suite 3500
Portland, OR 97201

Thank you for using Return Receipt Service

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

Exhibit 1
3 of 4

7196 9008 9111 8542 5444

**TO:** Mr. Gregory Lloyd
Northwest Empire Community Management,
Inc.
3800 NE Sandy Blvd., #104
Portland, OR 97232

**SENDER:** James S. Crane

**REFERENCE:** 14501-002

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| | Postage | 0.46 |
| | Certified Fee | 3.10 |
| | Return Receipt Fee | 2.55 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 6.11 |

**USPS®**
**Receipt for**
**Certified Mail™**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

---

**2. Article Number**

7196 9008 9111 8542 5444

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

**3. Service Type  CERTIFIED MAIL™**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

Mr. Gregory Lloyd
Northwest Empire Community
Management, Inc.
3800 NE Sandy Blvd., #104
Portland, OR 97232

James S. Crane
Landye Bennett Blumstein LLP
1300 SW 5th Avenue
Suite 3500
Portland, OR 97201

LANDYE BENNETT
BLUMSTEIN LLP
MAY 1 3 2013

PS Form 3811, January 2005          Domestic Return Receipt

Exhibit 1
4 of 4

FILED

13 MAY 23 PM 3:03

CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS
ASSOCIATION**, an Oregon domestic
nonprofit corporation; and **DECATUR
BRIDGEWATER VISTA
CONDOMINIUMS OWNERS'
ASSOCIATION**, an Oregon domestic
nonprofit corporation,

        Plaintiffs,

        v.

**NORTHWEST EMPIRE
COMMUNITY MANAGEMENT, INC.**,
fka Professional Community Management,
Inc., an Oregon corporation,

        Defendant.

Case No. 1211-14420

**PLAINTIFFS' MOTION FOR
EXAMINATION OF JUDGMENT
DEBTOR (EX PARTE)**

    Plaintiffs move for an order:

    1.    Requiring Gregory Lloyd, President of defendant Northwest Empire Community
Management, Inc., to appear at a time and place to be fixed by the court and answer under oath
questions concerning any property or interest in property that Defendant may have or claim, and
then and there to produce the following documents of Defendant:

        a.    All documents concerning claims made with Sentinel Insurance Company,
Limited (The Hartford) within the past 24 months under policy number 52
SBA PV0811SC and policy number 52 SBA ZV5572SC;

        b.    All documents concerning communications with Sentinel Insurance
Company Limited (The Hartford) within the past 24 months, including but
not limited to letters, emails, test messages, tweets, claims submitted,
proofs of claim, proofs of loss, affidavits, notes of communications, and

Page 1 -    MOTION FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*720743.14501-002*

1    memoranda of communications, and all documents transmitted with such

2    communications;

3    c.    All documents concerning claims made with Philadelphia Insurance

4          Companies within the past 24 months under policy number PHSD697856

5          and any predecessor policy;

6    d.    All documents concerning communications with Philadelphia Insurance

7          Companies within the past 24 months, including but not limited to letters,

8          emails, test messages, tweets, claims submitted, proofs of claim, proofs of

9          loss, affidavits, notes of communications, and memoranda of

10         communications, and all documents transmitted with such

11         communications;

12   e.    All documents concerning communications with any insurance agent or

13         broker concerning any general liability insurance policy, director and

14         officers' insurance policy, and/or employee dishonesty insurance policy

15         made within the past 24 months, including but not limited to letters,

16         emails, test messages, tweets, claims submitted, proofs of claim, proofs of

17         loss, affidavits, notes of communications, and memoranda of

18         communications, and all documents transmitted with such

19         communications;

20   f.    Ledgers or other financial records showing all transfers to and withdrawals

21         during the last 48 months by any officer, director, shareholder, or manager

22         of Northwest Empire Community Management, Inc. of corporate funds or

23         property and/or of funds held by Northwest Empire Community

24         Management, Inc. for the benefit of its client homeowner associations.

25         Such transfers and withdrawals include without limitation compensation,

26         salaries, loans, dividends, reimbursements, unauthorized transfers or

Page 2 -   MOTION FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*720743.14501-002*

1    withdrawals, or otherwise, which have been made to or for any officer,

2    director, shareholder, or manager during the last 48 months.

3        2.    Restraining Defendant from selling, transferring, or in any manner disposing of any

4    of Defendant's property liable to execution or garnishment, including but not limited to any

5    proceeds received on account of insurance claims submitted within the past 24 months, pending

6    this proceeding.

7        This motion is based on ORS 18.265 the records and files herein, and the Declaration of

8    James S. Crane filed herewith of a notice of demand to pay the judgment within 10 days.

9        DATED this 20th day of May, 2013.

10                 LANDYE BENNETT BLUMSTEIN LLP

11

12            By:_____

13                 Stuart K. Cohen, OSB #851738
             James S. Crane, OSB #901420

14                 Of Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -    MOTION FOR JUDGMENT DEBTOR EXAMINATION

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*720743.14501-002*

CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH

CEDAR LAKE HOMEOWNERS ASSOCIATION, and
Oregon domestic nonprofit corporation; and DECATUR
BRIDGEWATER VISTA CONDOMINIUMS
OWNERS' ASSOCIATION, an Oregon domestic
nonprofit Corporation,

                Plaintiffs,

    v.

NORTHWEST EMPIRE COMMUNITY
MANAGEMENT, INC., fka Professional Community
Management, Inc., an Oregon corporation,

                Defendant.

**GARNISHEE RESPONSE**

Case No. 1211-14420

*FILED 13 APR -4 PM 1:33 CIRCUIT COURT FOR MULTNOMAH COUNTY*

The writ of garnishment was delivered to me on the ___28th___ day of ___March_____, 2013. The following responses are accurate and complete as of that date.

## PART I: DEBTOR'S PROPERTY GENERALLY
### (ALL GARNISHEES MUST FILL OUT THIS PORTION OF THE RESPONSE)

Place a check in front of all the following statements that apply. You may need to check more than one statement.

☐   I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the date shown on the face of the writ as the date on which the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment. (You need not complete any other part of this response, but you must sign the response and deliver it in the manner specified in Step 2 of the Instructions to Garnishee form.)

☐   I do not employ the Debtor, I do not have in my possession, control or custody any personal property of the Debtor, and I do not owe any debts or other obligations to the Debtor.

☐   I employ the Debtor. (You must complete Part II of this response.)

☐   I have in my possession, control or custody garnishable money that belongs to the Debtor (other than wages), or I owe a debt or other obligation to the Debtor (other than wages) that is due as of the time of this response. I am forwarding this money, or enough of it to satisfy the garnishment, to the Garnishor.

☐   I owe a debt or other obligation to the Debtor (other than wages) that was not due as of the time of this response but will become due within 45 days after the writ was delivered to me. I will forward the money, or enough of it to satisfy the garnishment, to the Garnishor when the debt or other obligation becomes due.

☐   I owe the following debt or other obligation to the Debtor (other than wages) that will not become due within 45 days after the date that the writ was delivered to me  I will not make any payments on the debt or obligation until I receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.)

    _____

    _____

☐   I have in my possession, control or custody the following personal property (other than money) that belongs to the Debtor. I will hold all of the property for the Garnishor until I receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.)

    _____

    _____

☒   I may owe money to or hold property of the Debtor, but I am not sure what or how much it might be. (You must provide an explanation in the following space and you must deliver an amended response when you find out. You must deliver an amended response even if you find out that you have no property of the Debtor or owe no money to the Debtor.)
    Sentinel Insurance Company, Inc., has placed debtor's claim file into an inactive status. Accordingly, Sentinel has not been able to make any coverage determinations with respect to first-party claims. Sentinel has disclaimed coverage for third-party claims.

☐   (FINANCIAL INSTITUTIONS ONLY) We hold one or more accounts for the Debtor, of which $_____ is not

subject to garnishment under ORS 18.784. We are forwarding all other garnishable amounts, or enough of it to satisfy the garnishment to the Garnishor.

_____
_____
_____

☐ The writ of garnishment delivered to me, on its face, does not comply with the Oregon laws governing writs of garnishment, or I cannot determine the identity of the Debtor from the information in the writ. (You must provide an explanation in the following space.)

_____
_____

☐ I have received an order to withhold income that applies to the income of the Debtor. The order to withhold income has priority over the writ of garnishment, and compliance with the order will reduce or eliminate the money that I would otherwise deliver under the writ. (Provide details, including the name of the agency serving the order to withhold income, the date the order was served on you and the amount to be withheld. If you employ the Debtor, you must still complete Part II of this response.)

_____
_____
_____

☐ I have received notice of a challenge to the garnishment. I will deliver to the court administrator all money that I would otherwise deliver to the Garnishor. (See Step 3 of Instructions to Garnishee form.)

☐ Other (Explain)

_____
_____
_____

## PART II: DEBTOR'S EMPLOYER
### (GARNISHEES WHO EMPLOY THE DEBTOR
### MUST FILL OUT THIS PORTION OF THE RESPONSE)

Place a check in front of all the following statements that apply. You may need to check more than one statement.

NOTE: THE LAW PROHIBITS DISCHARGE OF THE DEBTOR FROM EMPLOYMENT BY REASON OF GARNISHMENT.

☐ I EMPLOY THE Debtor. The Debtor is paid on a _____ basis (insert "weekly," "monthly" or other pay period). Wages will next be payable to the Debtor on the _____ day of _____, 2013. I will complete a Wage Exemption Calculation form for each payment of wages that is made during the 90-day period immediately following the date that the writ of garnishment was delivered to me. I will also complete a Wage Exemption Calculation form for the payday immediately following the end of the 90-day period. I will forward to the Garnishor on each of these occasions those wages calculated to be subject to garnishment, or enough of those wages to satisfy the garnishment.

☐ I had already received a writ of garnishment from another Garnishor before this writ was delivered to me. Under Oregon law, the previous writ has priority. The previous writ will terminate on the _____ day of _____, 2013.

I hereby certify that I have fully and accurately completed this garnishee response.

Dated: April 3 _____, 2013

Sentinel Insurance Company, Inc. c/o Maloney Lauersdorf Reiner PC/Kyle Sturm
_____
Name of Garnishee
503-245-1518
_____
Telephone Number
503-245-1417
_____
Fax Number
117 SW Taylor Street, Ste 300, Portland, OR 97204
_____
Address

Signature

Page 2 of 2 Garnishee Response (2011)

FILED
13 MAR 14 PM 2: 06
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation,

Plaintiffs,

v.

**NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation,

Defendant.

Case No. 1211-14420

**DECLARATION OF JOHN B. BRAMS**

John B. Brams declares as follows:

1.    I am a Certified Public Accountant licensed to practice in Oregon.

2.    I was served by plaintiffs with a subpoena to testify at the hearing on plaintiffs' Motion for Default Judgment on March 15, 2013.  However, on February 24, 2013, I had a heart attack, and my doctor has suggested that I should not testify for health reasons.  I am submitting this declaration, which contains the matters I would testify to in person.  If absolutely necessary, I could testify by telephone at 503-297-6466.

3.    In Spring 2012, I was retained by defendant Northwest Empire Community Management, Inc. ("NW Empire") to document the financial accounts and records maintained by NW Empire for its client homeowners associations.

4.    The two plaintiff HOAs had two types of accounts.  An "operating account" from which ordinary operating expenses were paid, and a "reserve account" where the HOA's reserves

ENTERED

APR 2 — 2013

IN REGISTER BY SL

Page 1 -    DECLARATION OF JOHN B. BRAMS

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

713282.1.doc:17301-002

1     were maintained.

2       5.     By early June, I found that the funds of NW Empire's various clients, including those

3     of the two plaintiffs in this case, had been conmingled. Consequently, funds that should have

4     gone into separate accounts for the various HOA clients at Chase Bank and/or Bank of America

5     had not been so directed. I found that one association's funds were inappropriately used to pay

6     another association's expenses and that funds that should have been deposited into an

7     association's accounts were not so deposited. In addition, I found that some funds could not be

8     located at all; that is, it appears that some money may have been inappropriately taken.

9       6.     As part of my review, I estimated the amounts of money that both of the plaintiffs lost

10    as a result of the conmingling and the failure to deposit money into plaintiffs' accounts. Exhibits

11    1 and 2 to this declaration are true copies of summaries I prepared of my review of plaintiffs'

12    accounts. Exhibit 1 shows that Cedar Lake lost $60,776.52, and Exhibit 2 shows that Decatur

13    Bridgewater lost $72,099.18.

14       I hereby declare that the above statement is true to the best of my knowledge and belief,

15    and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

16       DATED this __12th__ day of March, 2013.

17

18

19                        John B. Brams

20

21

22

23

24

25

26

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

713282.DOC:14501-002

NW Empire
Summary of income (loss)                                      Cedar Lake

### Summary of income (loss) from commingling of funds

| Bank & account type | Amount |
|---|---|
| Commingling income (loss) - Chase operating account | ($48,776.52) |
| Commingling income (loss) - Chase reserve account | (12,000.00) |
| Commingling income (loss) - Bank of America operating account | 0.00 |
| Commingling income (loss) - Bank of America reserve account | 0.00 |
| 2010 funds that should have been received from sweep account | 0.00 |
| 2011 funds that should have been received from sweep account | 0.00 |
| 2012 funds that should have been received from sweep account | 0.00 |
| 2009 - 2012 funds received from sweep account - Chase | 0.00 |
| 2009 - 2012 funds received from sweep account - Bank of America | 0.00 |
| Total commingling income (loss) | ($60,776.52) |

Exhibit 1
1 of 1

NW Empire
Summary of income (loss)                                                Decatur

### Summary of income (loss) from commingling of funds
#### Bank & account type                                                Amount

| | |
|---|---:|
| Commingling income (loss) - Chase operating account | $12,095.62 |
| Commingling income (loss) - Chase reserve account | (32,883.31) |
| Commingling income (loss) - Bank of America operating account | 1,962.38 |
| Commingling income (loss) - Bank of America reserve account | (15,985.75) |
| 2010 funds that should have been received from sweep account | (289.45) |
| 2011 funds that should have been received from sweep account | (26,565.22) |
| 2012 funds that should have been received from sweep account | (15,482.83) |
| 2009 - 2012 funds received from sweep account - Chase | 3,100.00 |
| 2009 - 2012 funds received from sweep account - Bank of America | 1,949.38 |
| | |
| Total commingling income (loss) | ($72,099.18) |

Exhibit 2
1 of 1

*Original*

FILED
13 MAR 15 PM 1:25
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS
ASSOCIATION**, an Oregon domestic
nonprofit corporation; and **DECATUR
BRIDGEWATER VISTA
CONDOMINIUMS OWNERS'
ASSOCIATION**, an Oregon domestic
nonprofit corporation,

Plaintiffs,

v.

**NORTHWEST EMPIRE
COMMUNITY MANAGEMENT, INC.**,
fka Professional Community Management,
Inc., an Oregon corporation,

Defendant.

Case No. 1211-14420

**ORDER GRANTING MOTION TO
EXONERATE CASH UNDERTAKING**

ENTERED
MAR 27 2013
IN REGISTER NM

Plaintiffs' Motion to Exonerate Cash Undertaking is hereby GRANTED.  The Clerk of

Court shall return the $500 cash undertaking to Plaintiffs' counsel, Landye Bennett Blumstein

LLP, 1300 SW 5th Avenue, Suite 3500, Portland Oregon 97201.

DATED this _15_ day of _March_, 2013.

_____
Circuit Court Judge

Submitted by:

James S. Crane, OSB #90142
Landye Bennett Blumstein LLP
Of Attorneys for Plaintiffs

Page 1 -    ORDER GRANTING MOTION TO EXONERATE CASH UNDERTAKING

708646.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

1

2

FILED

13 MAR 15 PM 1:25

CIRCUIT COURT
FOR MULTNOMAH COUNTY

3          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

4                    FOR THE COUNTY OF MULTNOMAH

5    **CEDAR LAKE HOMEOWNERS**
     **ASSOCIATION**, an Oregon domestic
6    nonprofit corporation; and **DECATUR**
     **BRIDGEWATER VISTA**
7    **CONDOMINIUMS OWNERS'**
     **ASSOCIATION**, an Oregon domestic
8    nonprofit corporation,

9                    Plaintiffs,

10    v.

11    **NORTHWEST EMPIRE**
      **COMMUNITY MANAGEMENT, INC.**,
12    fka Professional Community Management,
      Inc., an Oregon corporation,

13                    Defendant.

Case No. 1211-14420

**GENERAL JUDGMENT AND MONEY**
**AWARD ON DEFAULT**

ENTERED

MAR 27 2013

IN REGISTER NM

14

15          THIS MATTER came before this court on motion of Plaintiffs, appearing by and through

16    their attorneys, Stuart K. Cohen and James S. Crane of Landye Bennett Blumstein LLP, for an

17    order of default and judgment against Defendant, Northwest Empire Community Management,

18    Inc.  It appearing from the records that defendant was duly served with summons and complaint

19    in Multnomah County, Oregon, on November 12, 2012, and that Defendant has not answered nor

20    made any appearance herein, although the time provided for appearance has expired; and

21          It further appearing that Defendant was not at the time of service on it, nor is it now, in

22    the military service of the United States, a minor, or an incapacitated person; and

23          The court having entered an order of default against Defendant and finding in favor of

24    Plaintiffs and against Defendant on Plaintiffs' complaint; now, therefore, it is hereby

25          ORDERED AND ADJUDGED that Plaintiff CEDAR LAKE HOMEOWNERS

26    ASSOCIATION have judgment against Defendant NORTHWEST EMPIRE COMMUNITY

Page 1 -    GENERAL JUDGMENT AND MONEY AWARD ON DEFAULT

708649.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

1  MANAGEMENT, INC. in the sum of $60,776.52 on said Plaintiff's First Claim (Breach of

2  Contract), Second Claim (Negligence), Third Claim (Conversion), Fourth Claim (Breach of

3  Fiduciary Duty), and Sixth Claim (Unfair Trade Practices), and that Plaintiff DECATUR

4  BRIDGEWATER CONDOMINIUMS OWNERS ASSOCIATION have judgment against

5  Defendant NORTHWEST EMPIRE COMMNITY MANAGEMENT, INC. in the sum of

6  $72,099.18, on said Plaintiff's Seventh Claim (Breach of Contract), Eighth Claim (Negligence),

7  Ninth Claim (Conversion), Tenth Claim (Breach of Fiduciary Duty), and Twelfth Claim (Unfair

8  Trade Practices), each sum together with prejudgment interest at the judgment rate from June 6,

9  2012; and costs and disbursements in accordance with ORCP 68; and attorney fees in accordance

10  with ORCP 68 on Plaintiff Cedar Lake's First and Sixth Claims and on Plaintiff Decatur's

11  Seventh and Twelfth Claims.

12  1. Name and Address of the Judgment
    Creditors:

13

(1)  Cedar Lake Homeowners Association
     P.O. Box 72
     Gresham, OR 97030

14

15

(2)  Decatur Bridgewater Condominiums
     Owners' Association
     c/o CA Partners
     Post Office Box 2429
     Beaverton, OR  97075

16

17

18  2. Name, address and telephone number of the
    judgment creditors' attorney:

Stuart K. Cohen
James S. Crane
Landye Bennett Blumstein LLP
1300 SW 5th Avenue, Suite 3500
Portland Oregon 97201
503-224-4100

19

20

21

22  3. Name of Judgment debtor, its address, date
    of birth, Social Security number, and driver's

23  license number:
        Name and address:

Northwest Empire Community Management,
Inc.
3800 NE Sandy Boulevard, Suite 104
Portland, OR 97232

24

25

26

        Date of birth:                          n/a

Page 2 -   GENERAL JUDGMENT AND MONEY AWARD ON DEFAULT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503-224-4100
503-224-4133 (Facsimile)

708649.14501-002

1          Social Security number:        n/a

2          Driver's license number:       n/a

3   4. Name of the judgment debtor's attorney     None

4

5. Name of any person or public body, other
5 than the judgment creditors' attorney, who is
entitled to a portion of a payment on the
6 judgment:                                      None

7   6. The amount of the money award:

8
   (1)    CEDAR LAKES HOMEOWNERS
9 ASSOCIATION:                    $60,776.52

10    (2)    DECATUR BRIDGEWATER
CONDOMINIUMS OWNERS
11 ASSOCIATION:                   $72,099.18

12
7. Prejudgment interest running from at the
13 rate of 9% per annum on the following
balances, said interest running from June 6,
14 2012:

15    (1)    CEDAR LAKES HOMEOWNERS
16 ASSOCIATION: $60,776.52        $ _60,776.52_

17    (2)    DECATUR BRIDGEWATER
CONDOMINIUMS OWNERS
18 ASSOCIATION: $72,099.18        $ _72,099.18_

19
8. Postjudgment interest is at the rate of 9%
20 per annum on the balances of item 6 plus item
7 plus item 9 plus item 10, said interest
21 running from the date of entry of the judgment

22
9. Costs and disbursements in the following
23 amounts:
   (1)    CEDAR LAKES HOMEOWNERS
24 ASSOCIATION:             $ _1,444.24_      joint cost

25    (2)    DECATUR BRIDGEWATER
CONDOMINIUMS OWNERS
26 ASSOCIATION:             $ _____

Page 3 -   GENERAL JUDGMENT AND MONEY AWARD ON DEFAULT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

708649.14501-002

1   10. Attorney Fees in the following amounts:

2   (1)    CEDAR LAKES HOMEOWNERS
    ASSOCIATION:                                    $ *14,1094.95 — joint fees*

3   (2)    DECATUR BRIDGEWATER
    CONDOMINIUMS OWNERS
4   ASSOCIATION:                                    $ _____

5

6

7   DATED this *15* day of *March* 2013.

8

9

10                          *Alicia Query*
                            Circuit Court Judge

11

12

13  Presented by:

14  Stuart K. Cohen, OSB #851738
    James S. Crane, OSB #90142
15  Landye Bennett Blumstein LLP
    Of Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

Page 4 -   GENERAL JUDGMENT AND MONEY AWARD ON DEFAULT

708649.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

FILED
13 FEB -7 AM 11: 53
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation, | Case No. 1211-14420 |
| Plaintiffs, | **ORDER OF DEFAULT** |
| v. | |
| **NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation, | |
| Defendant. | |

ENTERED
FEB 11 2013
IN REGISTER SCL

This matter having come before the court on motion of Plaintiffs, appearing by and through its attorneys, Stuart K. Cohen and James S. Crane of Landye Bennett Blumstein LLP, for an order of default, it appearing that Defendant was duly served on November 12, 2012, with summons and Plaintiffs' complaint, and that Defendant has not answered or made any appearance, although the time provided appearance has expired, and it further appearing that Defendant is neither a minor, an incompetent or incapacitated person, nor in the military service of the United States; now, therefore, it is hereby

ORDERED AND ADJUDGED that default of Defendant is hereby entered of record.

DATED: __FEB 0 7 2013__, 2013.

_Circuit Court Judge_

Submitted by:
James S. Crane, OSB #90142
Landye Bennett Blumstein LLP
Of Attorneys for Plaintiff

Page 1 -   ORDER OF DEFAULT

706167.14501-002

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)



ENTERED
FEB 1 1 2013
IN REGISTER SCL

FILED
13 JAN 28 AM 11: 36
FOR MULTNOMAH COUNTY
CIRCUIT COURT

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation,

Plaintiffs,

v.

**NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation,

Defendant.

Case No. 1211-14420

**DECLARATION OF JAMES S. CRANE IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL DEFAULT JUDGMENT**

I, James S. Crane, declare under penalty of perjury as follows:

1.    I am one of the attorneys for Plaintiff in the above-entitled matter.

**FOR ENTRY OF DEFAULT AND DEFAULT GENERAL JUDGMENT**

2.    Defendant was duly served on November 13, 2012.

3.    Defendant has not appeared or defended this case.

4.    The defendant is an Oregon corporation, not a natural person.  Defendant is therefore not in the military service of the United States, a minor, or a protected person in a guardianship or conservatorship proceeding.  For the same reason, Defendant is not incapacitated or financially incapable pursuant to the definitions of ORS 125.005.

5.    I have not been contacted by Defendant or any attorney purporting to represent Defendant in this action.

6.    True copies of said Petition signed under oath by Stuart K. Cohen, and the

Page 1 -   DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

706164.14501-002

1  Declarations of Neill Fishman, and Robert S. Watson, which were submitted in support of

2  Plaintiffs' Petition for Provisional Process, and, are attached as Exhibits A, B, and C,

3  respectively, to the accompanying Memorandum in Support of Motion for Order of Default and

4  Default General Judgment.

5  **FOR ATTORNEY FEES**

6  7.    Plaintiffs are entitled to recover attorney fees pursuant to the following facts,

7  statute, or rule: (1) Under Article I, section E of each the contracts between each plaintiff and the

8  defendant, which provides:    "If any legal proceeding is necessary to enforce or interpret the

9  provisions of this Agreement, the prevailing party shall be entitled to its reasonable attorneys

10  fees and legal costs, in addition to any other relief to which such party shall be entitled"; and, (2)

11  under the Unfair Trade Practices Act, ORS 646.638(3).

12  8.    Plaintiffs have agreed to share all attorney fees, disbursements, and costs equally.

13  9.    The number of hours and services rendered in this matter for each lawyer, clerk,

14  and legal assistant and the hourly rates for each are set forth in detail in Exhibit 1 attached.

15  Exhibit 1 includes time billed to each plaintiff by the attorneys named below for bookkeeping

16  purposes.  Despite different amounts billed to each plaintiff, the plaintiffs have agreed to share

17  attorneys fees, disbursements and costs equally.   Therefore, any judgment award for fees and

18  costs should be divided between the plaintiffs equally.

| NAME | POSITION | HOURLY RATE | HOURS | FEES |
|---|---|---|---|---|
| Stuart K. Cohen | Partner | $350 | 16.2 | $ 5,670.00 |
| James S. Crane | Partner | $300 | 24.0 | $ 7,200.00 |
| TOTAL | | | | $12,870.00 |
| | | | | |

25  10.    The above amounts do not include 2.5 hours for Mr. Cohen and 2.5 hours for

26  Mr. Crane for post-judgment collection.

Page 2 -   DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*706164.14501-002*

11.    The specific factors supporting an award and the amount of legal fees appear in ORS 20.075[1]. Addressing the factors in 20.075(1) first:

(a)    *The conduct of the parties in the transactions.*  In this case, Northwest Empire inappropriately allocated (its own words) funds that it was holding in trust for Plaintiffs and covered up its conduct by sending admittedly false financial information about these funds to Plaintiffs on a monthly basis.  This conduct was reckless, willful, or illegal.  This conduct supports the requested award.

---

[1] ORS 20.075 provides:

(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

    (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

    (b) The objective reasonableness of the claims and defenses asserted by the parties.

    (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

    (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

    (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

    (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

    (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

    (h) Such other factors as the court may consider appropriate under the circumstances of the case.

(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

    (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

    (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

    (c) The fee customarily charged in the locality for similar legal services.

    (d) The amount involved in the controversy and the results obtained.

    (e) The time limitations imposed by the client or the circumstances of the case.

    (f) The nature and length of the attorney's professional relationship with the client.

    (g) The experience, reputation and ability of the attorney performing the services.

    (h) Whether the fee of the attorney is fixed or contingent.

Page 3 -   DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

706164.14501-002

(b)    *The objective reasonableness of claims and defenses.*  Plaintiffs' claims arise from the admissions of Defendant as to Defendant's conduct, its inappropriateness, and the damages. Thus, the claims are reasonable.  Defendant has not raised any defenses.

(c)    *The extent to which an award of fees would deter others from asserting good faith claims and defenses.*  This factor is not applicable in this default situation.

(d)    *The extent to which an award of fees would deter others from asserting meritless claims and defenses.*  This factor is not applicable in this default situation.

(e)    *The objective reasonableness of the parties and their diligence in the proceedings.* Plaintiffs have acted reasonably in bringing this lawsuit, in seeking provisional process to prevent Defendant from disbursing insurance proceeds, and in seeking default.

(f)    *The objective reasonableness of the parties in seeking settlement.*  Defendant has not contacted Plaintiffs for any purpose, including settlement.

(g)    *The amount awarded as a prevailing party fee under ORS 20.190.*  Plaintiffs have requested an award of $275.00 as a prevailing party fee under ORS 275.190(2)(A) for judgment given without trial of an issue of law or fact.

12.    Addressing the factors in ORS 20.075(2):

(a)    *The time and labor required, the novelty and difficulty of the questions involved, and the skill needed to properly perform the legal services.*  The time incurred, as reflected on Exhibit 1, was reasonably incurred to draft a complaint; draft, present to the court, and oversee service of a temporary restraining order; draft, prepare for hearing, present to the court, and oversee service of a motion for provisional process, including a writ of attachment and a subsequent writ of garnishment.  The provisional process involved novel considerations because the writ of garnishment was served on Defendant's insurer in order to garnish the proceeds of Defendant's insurance claim.

(b)    *The likelihood that the acceptance of the particular employment by the attorney*

Page 4 -    DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

*706164.14501-002*

*would preclude other employment.* Not applicable.

(c)    *The fee customarily charged in the locality for similar legal services.* Not applicable. The undersigned is unaware of any other effort to obtain provisional process on the proceeds of an insurance claim. Attached as Exhibits 3 and 4 are Mr. Cohen's and Mr. Crane's resumes. Mr. Cohen has been an attorney since 1985, Mr. Crane since 1976. Their rates are reasonable for attorneys of their experience.

(d)    *The amount in controversy and result obtained.* The total amount in controversy is $132,875.70; the requested fees are not disproportionate to that amount. The result requested is a general judgment.

(e)    *The time limitations imposed by the client or the circumstances of the case.* Plaintiffs' counsel learned in November, 2012, that Defendant's insurer might have been in the process of paying $250,000 to Defendant on Defendant's first-party insurance claim. That required Plaintiffs to act immediately to file suit and to seek provisional process in order to prevent Defendant from disbursing those funds, which are the only resources available to pay Plaintiffs' losses.

(f)    *The nature and length of the attorney's professional relationship with the client.* Landye Bennett Blumstein LLP has represented plaintiff Cedar Lake since April 2012 and plaintiff Decatur Bridgewater since June 2012.

(g)    *The experience, reputation, and ability of the attorneys.* Mr. Cohen and Mr. Crane are experienced civil litigation attorneys. Their resumes are Exhibits 3 and 4 to this affidavit.

(h)    *Whether the fee is fixed or contingent.* The fee is at fixed hourly rates.

13.    Landye Bennett Blumstein LLP also incurred its own costs and expenses that are not included in overhead that are not reflected in hourly rates, should be included in the attorney fee award, and divided equally between the plaintiffs in the judgment. These are itemized in Exhibit 2 to this Affidavit and are summarized as follows:

Page 5 -    DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

706164.14501-002

| Photocopy | $ | 187.25 |
|---|---|---|
| Postage | $ | 12.10 |
| Online Legal Research | $ | |
| Facsimile | $ | .60 |
| Long Distance Telephone | $ | |
| Messenger | $ | |
| Total | $ | 199.95 |

## FOR COSTS

14.    As authorized by ORCP 68 A(2), Plaintiffs are entitled to recovery of costs of $1,169.24, to be divided equally between them. Such costs are billed directly to the clients and are not overhead expenses already reflected in the hourly rate or fee. These costs were reasonably and necessarily incurred, are itemized in Exhibit 2 to this Declaration. Exhibit 2 shows the costs as allocated to each plaintiff by my accounting system, but the plaintiffs have agreed that costs were to be paid equally by each. The costs are summarized as follows:

| Filing Fee ("FF") | $ | 500.00 |
|---|---|---|
| Service Fees ("PSF") | | |
| 11/14 | $ | 70.00 |
| 11/27 | $ | 140.00 |
| 11/27 | $ | 70.00 |
| 11/27 | $ | 70.00 |
| Garnishment Fees ("GRNF") | $ | 60.00 |
| Sheriff Fee ("SC") | $ | 70.00 |
| Witness Fee ("WF") | $ | 35.00 |
| Messenger ("MDS") | $ | 154.24 |
| Prevailing Party fee | $ | 275.00 |
| Total | $ | 1,444.24 |

15.    Exhibit 2 sets forth the specific basis for the award and amount of fees as required by ORS 20.075.

Page 6 -   DECLARATION OF JAMES S. CRANE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*706164.14501-002*

16.     In anticipation of efforts that will be spent in collection proceedings, Plaintiffs seek the additional sum of $1,625.00 for postjudgment collection as detailed in paragraphs 9 and 10 above.

17.     Based on the above, Plaintiffs are entitled to the following awards: reasonable and necessary attorney fees in the sum of $14,694.95 (paragraphs 9, 10, and 13, above), and costs in the amount of $1,444.24, both fees and costs to be divided equally between Plaintiffs.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

DATED this _25_ day of January, 2013.


_____
James S. Crane, OSB #901420
*Of Attorneys for Plaintiffs*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*706164.14501-002*

## Landye Bennett Blumstein LLP / Portland
### Transactions Summary Report

Search Description:
Search for: 14533-002   Search by: Matter ID   Stage: (all)   Type: Fees

|  | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| *Professional: Stuart K. Cohen* | | | | | |
|  | 5.7000 | 6,930.0000 | 1,881.0000 | 0.00 | 1,881.00 |
| *Professional: James S. Crane* | | | | | |
|  | 7.3000 | 2,640.0000 | 2,115.0000 | 0.00 | 2,115.00 |
|  | 13.0000 | | 3,996.0000 | 0.00 | 3,996.00 |

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
Search for: 14533-002    Search by: Matter ID    Stage: (all)    Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| 11/6/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Draft contingency fee agreement and conflict waiver letter; correspondence with Mr. Fishman regarding same; receive and respond to questions from Mr. Fishman | T | 0.2500 | 330.0000 | 82.5000 |
| 11/7/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Conference with James S. Crane regarding drafting of complaint and seeking prejudgment garnishment of insurance proceeds; gather materials from Mr. Crane to draft same | T | 0.1000 | 330.0000 | 33.0000 |
| 11/7/2012 | JSC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Review CL file; review documents from client; brief legal research regarding claims; draft complaint; | T | 1.2500 | 285.0000 | 356.2500 |
| 11/7/2012 | JSC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Review CL file; review documents from client; brief legal research regarding claims; draft complaint; | T | 0.6000 | 285.0000 | 171.0000 |
| 11/8/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Conference with James S. Crane regarding complaint; review management contract; revise complaint | T | 0.2000 | 330.0000 | 66.0000 |
| 11/8/2012 | JSC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Revise complaint; draft and revise petition for provisional process; draft declarations for clients; draft TRO/Show Cause Order; telephone conference with Mr. Fishman; telephone conference with Mr. Watson; email to Mr. Fishman; review documents from clients; | T | 2.1000 | 285.0000 | 598.5000 |
| 11/8/2012 | JSC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Revise complaint; draft and revise petition for provisional process; draft declarations for clients; draft TRO/Show Cause Order; telephone conference with Mr. Fishman; telephone conference with Mr. Watson; email to Mr. Fishman; review documents from clients; | T | 1.0500 | 285.0000 | 299.2500 |

Exhibit 1 Page 2 of 12

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
Search for: 14533-002   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|-----------------------------------------------------------|-----------------------|--------|---------|---------|
| 11/9/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Review draft pleadings; correspondence with client regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 11/13/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Prepare for and participate in TRO hearing; correspondence with client regarding same | T | 0.3000 | 330.0000 | 99.0000 |
| 11/14/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with James S. Crane regarding potential witness for preliminary injunction hearing | T | 0.1000 | 330.0000 | 33.0000 |
| 11/16/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing preparation and prejudgment attachment of insurance proceeds | T | 0.0500 | 330.0000 | 16.5000 |
| 11/19/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing; revise memorandum in support of provisional process and orders regarding same | T | 0.2500 | 330.0000 | 82.5000 |
| 11/20/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Attend call for preliminary injunction hearing assignment | T | 0.3000 | 330.0000 | 99.0000 |
| 11/21/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Prepare for and attend preliminary injunction hearing; conference with James S. Crane regarding form of attachment; legal research regarding inpact of bankruptcy on insurance proceeds | T | 0.6000 | 330.0000 | 198.0000 |
| 11/26/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Draft status report to client; correspondence with ABI regarding failure to respond to demand letter and intent to join ABI to pending litigation; receive response from ABI; forward same to client; telephone conference with Mr. Hisatori | T | 0.2000 | 330.0000 | 66.0000 |
| 11/27/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Prepare Instructions to Sheriff regarding Attachment | T | 0.5000 | 330.0000 | 165.0000 |

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
Search for: 14533-002   Search by: Matter ID   Stage: (all)   Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| | | of Insurance Check; exchange numerous e-mails with ABI regarding response to demand letter; telephone conference with Mr. Mark Parker, adjuster for Utica, insurance agent for ABI; draft letter to Travelers renewing claim in light of ABI's admission that is bound over coverage for the Association | | | | |
| 11/28/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Receive and respond to correspondence from Mr. Fishman regarding status; finalize demand letter to Travelers; correspondence with client regarding status of return of Writ by Sheriff; telephone conference with Ms. Lipsey regarding infoive crom | T | 0.1000 | 330.0000 | 33.0000 |
| 11/29/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Receive response from Travelers regarding resubmitted claim; correspondence with Mr. Fishman regarding same; receive information from NW Empire regarding impending bankruptcy and closing business; correspondence with Mr. Fishman regarding same | T | 0.0500 | 330.0000 | 16.5000 |
| 12/4/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Receive declination notice from Travelers; correspondence with Ms. Johnson from Travelers regarding failure to address binding over and Union Pacific holdings; correspondence with client regarding status of matter and potential impact NW Empire bankruptcy would have upon collection of funds | T | 0.2000 | 330.0000 | 66.0000 |
| 12/5/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Receive and respond to correspondence from Ms. Johnson regarding Travelers position; correspondence with Mr. Fishman regarding same; correspondence with Mr. Hisatoni and Mr. Parker regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 12/11/2012 | SKC | 14533-002 / Decatur Bridgewater Vista Embezzlement Litigation<br>Correspondence with client regarding status; begin drafting complaint agianst ABI and Phoenix for breach of contract and negligence; correspondence with Mr. Fishman and board regarding filing of same; receive correspondence from Mr. Fishman and board | T | 1.5000 | 330.0000 | 495.0000 |

Exhibit 1 Page 4 of 12

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14533-002   Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------|------|-------|-------|-------|
| | | regarding same | | | | |
| 12/12/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Continue drafting complaint against ABI and<br>Phoenix; legal research regarding recovery of<br>attorney fees and claims; correspondence from<br>client regarding same | T | 0.3000 | 330.0000 | 99.0000 |
| 12/19/2012 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Correspondence with Mr. Fishman regarding status<br>of cases and potential for conversion of<br>ABI/Traveler's case to a contingency fee | T | 0.1000 | 330.0000 | 33.0000 |
| 1/2/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Telephone conference with Mr. Michael Johnson of<br>Sentinal regarding response to garnishment | T | 0.1000 | 330.0000 | 33.0000 |
| 1/3/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Telephone call from attorney for insurance company | T | 0.1000 | 300.0000 | 30.0000 |
| 1/10/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Work on default papers | T | 0.3000 | 300.0000 | 90.0000 |
| 1/11/2013 | SKC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Provide status report to client | T | 0.1000 | 330.0000 | 33.0000 |
| 1/16/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Work on default papers | T | 0.7000 | 300.0000 | 210.0000 |
| 1/22/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Work on default papers (.4) | T | 0.4000 | 300.0000 | 120.0000 |
| 1/23/2013 | JSC | 14533-002 / Decatur Bridgewater Vista<br>Embezzlement Litigation<br>Ddraft and revise default papers | T | 0.8000 | 300.0000 | 240.0000 |
| | | | Grand Total | 13.0000 | | 3,996.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Summary Report

Search Description:
Search for: 14501-002   Search by: Matter ID   Stage: (all)   Type: Fees

| | Units | Price | Value | Write-up/dn | Ext. Amount |
|---|---|---|---|---|---|
| **Professional: Stuart K. Cohen** | | | | | |
| | 10.0500 | 11,220.0000 | 3,316.5000 | -16.50 | 3,300.00 |
| **Professional: James S. Crane** | | | | | |
| | 16.7000 | 4,065.0000 | 4,794.0000 | 299.25 | 5,093.25 |
| | 26.7500 | | 8,110.5000 | 282.75 | 8,393.25 |

1/25/2013 11:42 AM

Exhibit 1 Page 6 of 12

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14501-002    Search by: Matter ID    Stage: (all)    Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 11/6/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Correspondence with Mr. Watson regarding proceeding with claims against NW Empire; finalize contingency fee agreement and conflict waiver letter; conference with James S. Crane regarding pulling together complaint and prejudgment garnishment | T | 0.3000 | 330.0000 | 99.0000 |
| 11/6/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft contingency fee agreement and conflict waiver letter; correspondence with Mr. Fishman regarding same; receive and respond to questions from Mr. Fishman | T | 0.2500 | 330.0000 | 82.5000 |
| 11/7/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding preparation of complaint; correspondence with client regarding information to complete same | T | 0.2000 | 330.0000 | 66.0000 |
| 11/7/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review CL file; review documents from client; brief legal research regarding claims; draft complaint; | T | 1.2500 | 285.0000 | 356.2500 |
| 11/7/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding drafting of complaint and seeking prejudgment garnishment of insurance proceeds; gather materials from Mr. Crane to draft same | T | 0.1000 | 330.0000 | 33.0000 |
| 11/8/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding complaint; review management contract for attorney fee clause; work on Petition for issuance of provision process | T | 0.3000 | 330.0000 | 99.0000 |
| 11/8/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Revise complaint; draft and revise petition for provisional process; draft declarations for clients; draft TRO/Show Cause Order; telephone conference with Mr. Fishman; telephone conference with Mr. Watson; email to Mr. Fishman; review documents from clients; | T | 1.0500 | 285.0000 | 299.2500 |

Exhibit 1 Page 7 of 12

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14501-002    Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|----------------------------------------------------------|------------------------|-------|-------|-------|
| 11/8/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding<br>complaint; review management contract; revise<br>complaint | T | 0.1000 | 330.0000 | 33.0000 |
| 11/9/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Email to Mr. Watson regarding declaration (.1);<br>email to Mr. Fishman regarding declaration (.1);<br>transmission letter to defendant (.2); revise, finalize<br>and proof pleadings and supervise filing and service<br>(2.9) | T | 3.3000 | 285.0000 | 940.5000 |
| 11/9/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review draft pleadings | T | 0.4000 | 330.0000 | 132.0000 |
| 11/9/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review draft pleadings; correspondence with client<br>regarding same | T | 0.2000 | 330.0000 | 66.0000 |
| 11/13/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare for and participate in TRO hearing;<br>correspondence with client regarding same | T | 0.6000 | 330.0000 | 198.0000 |
| 11/13/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone call to NW Empire attorney (.1); appear at<br>ex parte and obtain TRO and order to show cause<br>(.8); arrange service of order (.1); email to defendant<br>(.1); letter to defendant regarding show cause<br>hearing (.2) | T | 1.0000 | 285.0000 | 285.0000 |
| 11/13/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare for and participate in TRO hearing;<br>correspondence with client regarding same | T | 0.3000 | 330.0000 | 99.0000 |
| 11/14/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding potential<br>witness for preliminary injunction hearing | T | 0.2000 | 330.0000 | 66.0000 |
| 11/14/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Email to clients regarding show cause hearing (.1);<br>telephone call to and draft subpoena for Jenifer | T | 0.4000 | 285.0000 | 114.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14501-002    Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| | | Denney (.3) | | | | |
| 11/14/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding potential<br>witness for preliminary injunction hearing | T | 0.1000 | 330.0000 | 33.0000 |
| 11/16/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing<br>prepartion and prejudgment attachment of insurance<br>proceeds | T | 0.1000 | 330.0000 | 33.0000 |
| 11/16/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Legal research regarding issues for provisional<br>process (.5); ddraft memorandum and orders for<br>provisional process, restraining order (2.6) | T | 3.1000 | 285.0000 | 883.5000 |
| 11/16/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing<br>preparation and prejudgment attachment of<br>insurance proceeds | T | 0.1000 | 330.0000 | 33.0000 |
| 11/19/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing;<br>revise memorandum in support of provisional process<br>and orders regarding same; receive correspondence<br>from client regarding upcoming hearing | T | 0.5000 | 330.0000 | 165.0000 |
| 11/19/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft restraining order (.3); revise order for provisional<br>process (.1); revise memorandum for provisioinal<br>process (.2) | T | 0.5000 | 285.0000 | 142.5000 |
| 11/19/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with James S. Crane regarding hearing;<br>revise memorandum in support of provisional process<br>and orders regarding same | T | 0.2500 | 330.0000 | 82.5000 |
| 11/20/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Attend call for hearing date and time | T | 0.6000 | 330.0000 | 198.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14501-002    Search by: Matter ID    Stage: (all)    Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| 11/20/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Revise memorandum (.2); telephone conference with<br>Ms. Denney regarding hearing (.2); email to clients<br>regarding hearing (.2); outline hearing presentation<br>(.7) | T | 1.3000 | 285.0000 | 370.5000 |
| 11/20/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Attend call for preliminary injunction hearing<br>assignment | T | 0.3000 | 330.0000 | 99.0000 |
| 11/21/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Correspondence with client regarding preliminary<br>injunction hearing preparation; prepare for and attend<br>same;  legal research regarding inpact of bankruptcy<br>on insurance proceeds | T | 1.2000 | 330.0000 | 396.0000 |
| 11/21/2012 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Conference with clients before hearing (.5); hearing<br>on provisional process (.8); draft attachment and<br>work on attachment issues (1.2) | T | 2.5000 | 285.0000 | 712.5000 |
| 11/21/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare for and attend preliminary injunction hearing;<br>conference with James S. Crane regarding form of<br>attachment; legal research regarding inpact of<br>bankruptcy on insurance proceeds | T | 0.6000 | 330.0000 | 198.0000 |
| 11/26/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft status report to client | T | 0.1000 | 330.0000 | 33.0000 |
| 11/26/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft status report to client; correspondence with<br>ABI regarding failure to respond to demand letter and<br>intent to join ABI to pending litigation; receive<br>response from ABI; forward same to client;<br>telephone conference with Mr. Hisatori | T | 0.1500 | 330.0000 | 49.5000 |
| 11/27/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare Instructions to Sheriff regarding Attachment<br>of Insurance Check | T | 0.1000 | 330.0000 | 33.0000 |

1/25/2013 11:40 AM

Exhibit 1 Page 10 of 12

# Landye Bennett Blumstein LLP / Portland

## Transactions Listing Report

Search Description:
Search for: 14501-002   Search by: Matter ID  Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------------------------------------------------------|------------------------|-------|-------|-------|
| 11/27/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Prepare Instructions to Sheriff regarding Attachment<br>of Insurance Check; exchange numerous e-mails<br>with ABI regarding response to demand letter;<br>telephone conference with Mr. Mark Parker, adjuster<br>for Utica, insurance agent for ABI; draft letter to<br>Travelers renewing claim in light of ABI's admission<br>that is bound over coverage for the Association | T | 0.6000 | 330.0000 | 198.0000 |
| 11/28/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Correspondence with client regarding return of writ of<br>attachment by Sheriff | T | 0.1000 | 330.0000 | 33.0000 |
| 11/28/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive and respond to correspondence from Mr.<br>Fishman regarding status; finalize demand letter to<br>Travelers; correspondence with client regarding<br>status of return of Writ by Sheriff; telephone<br>conference with Ms. Lipsey regarding infoive crom | T | 0.1000 | 330.0000 | 33.0000 |
| 11/29/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive information regarding NW Empire closing its<br>doors and impending bankruptcy; correspondence<br>with client regarding same | T | 0.1000 | 330.0000 | 33.0000 |
| 11/29/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive response from Travelers regarding<br>resubmitted claim; correspondence with Mr.<br>Fishman regarding same; receive information from<br>NW Empire regarding impending bankruptcy and<br>closing business; correspondence with Mr. Fishman<br>regarding same | T | 0.1000 | 330.0000 | 33.0000 |
| 12/11/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive and respond to correspondence from client<br>regarding status of case; conference with James S.<br>Crane regarding same and strategy for action<br>against State Farm | T | 0.2000 | 330.0000 | 66.0000 |
| 12/12/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Review materials regarding State Farm coverage and<br>potential theories of liability for failure to place | T | 0.3000 | 330.0000 | 99.0000 |

# Landye Bennett Blumstein LLP / Portland
## Transactions Listing Report

Search Description:
Search for: 14501-002    Search by: Matter ID   Stage: (all)  Type: Fees

| Date | Prof | MatterID/Client Sort<br>Matter Description<br>Narrative | Component<br>Task Code | Units | Price | Value |
|------|------|---------|------|-------|-------|-------|
| | | coverage to cover embezzlement loss | | | | |
| 12/14/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft Complaint against Mr. Hopkins for negligence<br>and breach of contract to place coverage | T | 0.9000 | 330.0000 | 297.0000 |
| 12/18/2012 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Continue research regarding coverages available<br>from State Farm for management company<br>embezzlement; finalize complaint | T | 0.3000 | 330.0000 | 99.0000 |
| 1/2/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone conference with Mr. Michael Johnson of<br>Sentenial regarding respond to garnishment | T | 0.1000 | 330.0000 | 33.0000 |
| 1/3/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Telephone call from attorney for Sentinel (.1) | T | 0.1000 | 300.0000 | 30.0000 |
| 1/10/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Work on default papers (.3) | T | 0.3000 | 300.0000 | 90.0000 |
| 1/11/2013 | SKC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Receive and respond to correspondence from client<br>regarding status report on State Farm and NW<br>Empire cases | T | 0.2000 | 330.0000 | 66.0000 |
| 1/16/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Work on default papers (.7) | T | 0.7000 | 300.0000 | 210.0000 |
| 1/22/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Work on default papers (.4) | T | 0.4000 | 300.0000 | 120.0000 |
| 1/23/2013 | JSC | 14501-002 / Cedar Lake Homeowners Association<br>Embezzlement Litigation<br>Draft and revise default documents | T | 0.8000 | 300.0000 | 240.0000 |
| | | | Grand Total | 26.7500 | | 8,110.5000 |

14501-002 / Cedar Lake Homeowners Association
Embezzlement Litigation
Costs

| Date | Component | Price |
|------|-----------|-------|
| 11/9/2012 | Filing Fee | $250.00 |
| 12/3/2012 | Garnishment Fee | $17.50 |
| 12/3/2012 | Garnishment Fee | $12.50 |
| 11/27/2012 | Messenger Delivery Service | $18.79 |
| 12/7/2012 | Messenger Delivery Service | $57.60 |
| 12/20/2012 | Messenger Delivery Service | $4.60 |
| 11/14/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Process Server Fee | $70.00 |
| 11/27/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Sheriff's Costs | $35.00 |
| 11/14/2012 | Witness Fee | $17.50 |
| | Document Reproduction | $148.57 |
| | Fax Expenses | $0.30 |
| | Postage | $8.80 |
| | Total Costs | $746.16 |

Exhibit 2 Page 1 of 2

14533-002 / *Decatur Bridgewater Vista*
Embezzlement Litigation
Costs

| Date | Component | Price |
|---|---|---|
| 11/9/2012 | Filing Fee | $250.00 |
| 12/3/2012 | Garnishment Fee | $17.50 |
| 12/3/2012 | Garnishment Fee | $12.50 |
| 11/27/2012 | Messenger Delivery Service | $18.79 |
| 12/7/2012 | Messenger Delivery Service | $54.46 |
| 11/14/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Process Server Fee | $70.00 |
| 11/27/2012 | Process Server Fee | $35.00 |
| 11/27/2012 | Sheriff's Costs | $35.00 |
| 11/14/2012 | Witness Fee | $17.50 |
| | Document Reproduction | $138.68 |
| | Fax Expense | $0.30 |
| | Postage | $3.30 |
| | Total Costs | $723.03 |

Exhibit 2 Page 2 of 2

# STUART KENNETH COHEN
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone: (503) 224-4100

## EXPERIENCE

**1998-Present**  LANDYE BENNETT BLUMSTEIN LLP                Portland, OR
Partner: Intellectual property rights, litigation, computer law, and real estate transactions.

**1989-1998**  COHEN & WU                Portland, OR
Partner: Real estate transactions, business transactions, intellectual property rights, litigation, and computer law.

**1987-89**  BAUER, HERMANN, FOUNTAIN & RHOADES, P.C.        Portland, OR
Associate: Intellectual property rights, computer and franchise law. Development of a form system of technology agreements; standardization of trademark registration process.  Engineered software protection strategies through licenses, escrow agreements and copyright registrations.  Successful defense of litigation regarding breach of software license agreement.  Prosecution of trademark registrations. Drafting of agreements for international and domestic software distribution. Participation in all phases of the conversion of a major financial institution's in-house data processing center to a service bureau.

**1985-87**  BERNARD, KNEELAND, CRAWFORD & BROPHY        Portland, OR
Associate: Corporate counsel to a large automobile distributor; duties included analysis of distributor agreements, franchise termination and franchise rights; litigation support of creditor's rights, commercial law, real property and construction law matters; negotiation of real property transactions, drafting of product development and confidentiality agreements.

**1982-85**  HERMANN & ASSOCIATES                Portland, OR
Law Clerk: Land use and real estate matters, intellectual property rights, computer law and litigation support.  General counsel to a software house; research of copyright and trademark questions; drafting of software licenses, dealership and confidentiality agreements.

**Summer 1984**  WITHERSPOON, KELLEY, DAVENPORT & TOOLE        Spokane, WA
Law Clerk: Litigation support and counsel to a financial institution.  Research and drafting of documents in the areas of creditor's rights and commercial law. Preparation for and participation in a two week trial involving the enforcement of a shareholder agreement for the sale of a closely held construction business.

Exhibit 3 Page 1 of 3

## EDUCATION

1982-85    <u>NORTHWESTERN SCHOOL OF LAW OF LEWIS & CLARK COLLEGE</u>
Portland, OREGON
J.D. with Honors.  Awards: Outstanding Oral Advocacy; American Jurisprudence
Award; Wills/Trust/Future Interests and Torts II.

1981    <u>UNIVERSITY OF BATH</u>  Bath, ENGLAND
Finance/European History

1978-82    <u>WHITMAN COLLEGE</u>  Walla Walla, WASHINGTON
B.A. Economics - Minor: History

1974-78    <u>ROBERT LOUIS STEVENSON SCHOOL</u>  Pebble Beach, CALIFORNIA
Outstanding Athlete: Swimming

## ORGANIZATIONS/COMMITTEES

2003-Present    COMMUNITY ASSOCIATIONS INSTITUTE, Past President, past board member,
frequent speaker – Award Volunteer of the Year - 2008

1988-Present    OREGON STATE BAR COMPUTER LAW SECTION:  Past Chairman,
Newsletter Editor, Secretary and Board Member

1985-Present    OREGON STATE BAR REAL ESTATE & LAND USE SECTION: Member

1988-2003    PACIFIC RIM COMPUTER LAW INSTITUTE:  Speaker, Planning
Committee Member, and Chairman

1987-89    TIGARD CITY CENTER REVITALIZATION TASK FORCE:
Chairman Award: Key to City of Tigard

1989    CITIZENS FOR TIGARD: Chairman

1987-Present    TIGARD ROTARY: Board Member, Secretary, Past President,
District Governor's Representative, and Couple of the Year (1997 & 2009)

1985-87    PORTLAND ROTARACT: Vice-President, Treasurer, Board Member

1985-Present    OREGON STATE BAR: Active Member

1985-Present    U.S. DISTRICT COURT - OREGON

1995-1999    FOREST HEIGHTS HOMEOWNERS ASSOCIATION: Board of Directors,
Secretary, and Chairman Homeowners Advisory Board, Legal Counsel

1996-Present    TIGARD ROTARY FOUNDATION: Chairman (2003 - 2005 & 2009 - 2010) and
Board Member

Exhibit 3 Page 2 of 3

**INTERESTS**

Golf, international travel, scuba diving, skiing, white-water rafting, and gourmet cooking

Exhibit 3 Page 3 of 3

# JAMES S. CRANE

**Experience Summary**

Jim Crane is a partner in the firm's Portland office and has practiced business, insurance, real estate, and environmental litigation with the firm since 1978.

Mr. Crane started as an associate in the firm's Anchorage office, where his clients included Alaska Native Village and Regional Corporations in business and corporate litigation and on issues arising under the Alaska Native Claims Settlement Act. He and his family moved to Portland in 1990. Prior to Landye Bennett Blumstein, Mr. Crane worked for Johnson, Christenson, Shamberg, and Glass in Anchorage, representing individuals on a wide variety of legal matters and Teamsters Local 959 on labor issues. Before law school, Mr. Crane worked for the Appalachian Regional Commission in Washington D.C. as a researcher, grant specialist, and analyst in the areas of education, housing, and solid waste disposal.

**Admissions**

State of Alaska, 1976; United States Supreme Court, 1977, U.S. Ninth Circuit Court of Appeals, 1976; U.S. District Court for the District of Alaska, 1976; State of Oregon, 1990; U.S. District Court for the District of Oregon, 1990; State of Washington, 2002

**Education**

JD  –  Northeastern University School of Law, 1976
MA – University of Toronto, Political Economy, 1971
BA   –   University of California, Santa Cruz, Politics (with Honors), 1970

**Professional Organizations**

American Bar Association, Section of Torts and Insurance Practice; Section of Litigation; Oregon State Bar Association; Multnomah County Bar Association; Alaska Bar Association; American Association for Justice,; Oregon Trial Lawyers Association; Washington Bar Association; Washington Association for Justice.

**Publications/Speeches**

Mr. Crane has written and spoken on environmental insurance law for the Oregon State Bar and on spoliation of evidence for the Aviation Section of the Oregon State Bar and the Oregon Trial Lawyers Association.

**Representative Cases**

*King v. Teamsters*, 572 P2d 1168 (Alaska 1977) (appeal on issues of arbitration of labor dispute; punitive damages)

*Gay Coalition of Anchorage v. Sullivan*, 578 P2d 951 (Alaska 1978) (attorney for amicus curiae ACLU on free speech issues)

*PR&S, Inc. v. Pellak*, 583 P2d 185 (Alaska 1978) (trial and appeal on employment contract issues)

*Donnelly v. Eklutna, Inc.*, 973 P2d 87 (Alaska 1999) (appeal on Alaska Native Claims Settlement Act issues)

*Koniag, Inc. v. Koncor, et al.*, U.S. District Court for the District of Alaska (1992-1994) (Interpretation of rights of owners of surface and subsurface estates to sand and gravel under the Alaska Native Claims Settlement Act – pleadings, motions, discovery, trial, appeal)

*CNA, et al. v. General Metals of Tacoma, Inc.*, U.S. District Court for Western District of Washington, 1992-1994 (environmental insurance recovery -- pleadings, discovery, motions).

*Malarkey Asphalt Company*, Seattle Washington (1995-2003) (environmental insurance recovery and private party cost recovery of 100% of client's claim through settlement without litigation).

*City of Seattle v. Malarkey Asphalt Company*, King County Superior Court, Washington, 2006-2008 (environmental cost recovery, pleadings, discovery, motions)

*Eager v. State of Oregon Department of Fish and Wildlife*, Multnomah County Circuit Court, Oregon, 2010-2011 (constitutional challenge to non-resident commercial fishing license and permit fees)

Exhibit 4 Page 1 of 1

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER VISTA CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon domestic nonprofit corporation, | Case No. 1211-14420 |
| | **MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL JUDGMENT** |
| Plaintiffs, | |
| v. | |
| **NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, fka Professional Community Management, Inc., an Oregon corporation, | |
| Defendant. | |



### INTRODUCTION

This Memorandum sets forth the facts and points and authorities supporting Plaintiffs' Motion for Order of Default and General Judgment.  The Complaint was duly served on defendant Northwest Empire Community Management, Inc. on November 12, 2012.  Defendant has not appeared, nor has any attorney acting on behalf of Defendant contacted Plaintiffs' counsel.  See Declaration of James S. Crane.

Plaintiffs are two homeowners associations whose former property manager was Defendant, whose responsibilities included collecting and holding assessments paid by owners and using the funds to pay Plaintiffs' operating expenses and to hold as reserves.  On June 6, 2012, Defendant notified Plaintiffs that their funds had been "inappropriately misappropriated."  Defendant further notified plaintiff Cedar Lake Homeowners Association ("Cedar Lake") that its losses were $60,776.52 and plaintiff Decatur Bridgewater Vista Condominium Owners'

Page 1 -    MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL JUDGMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

708582.14501-002

1   Association ("Decatur") that its losses were $72,099.18.

2                           **PRIOR PROCEEDINGS IN THE CASE**

3          In November 2012, Plaintiffs learned that Defendant's insurer was preparing to make a

4   payment on an insurance claim filed by Defendant on account of the misappropriations.

5   Plaintiffs applied for a temporary restraining order to prevent Defendant from disbursing

6   insurance proceeds that could pay Plaintiffs' damages. The court issued the restraining order on

7   November 13, 2012.   On November 21, 2012, the court granted Plaintiffs' Petition for

8   Provisional Process, which authorized a writ of attachment and a subsequent writ of garnishment

9   to secure the insurance proceeds. However, the insurance company never tendered payment on

10  the claim.

11                                          **FACTS**

12         For verification of the facts set forth below, Plaintiffs rely on the declaration of Neill

13  Fishman on behalf of Decatur, the Declaration of Robert S. Watson on behalf of Cedar Lake, the

14  Petition for Issuance of Provisional Process signed under oath by Stuart K. Cohen ("Petition"),

15  and the exhibits thereto, all of which were submitted in support of the motion for temporary

16  restraining order. For the court's convenience, copies of the declarations, the Petition, and

17  exhibits are attached as Exhibits A, B, and C, respectively.

18         Each plaintiff entered into a Management Agreement with Defendant.[1]   Under the

19  Management Agreement, Defendant agreed to provide professional services directed towards the

20  management of the residential properties in each plaintiff, including (among others):   the

21  collection and deposit of maintenance assessments from Decatur Bridgewater's owners; the

22  creation and maintenance of a separate bank account to hold funds for payment of Decatur

23  Bridgewater's operating expenses (an "operating account"); the creation and maintenance of a

24  separate bank account to hold Decatur Bridgewater's reserve funds (a "reserve account"); the

25

26         [1] Fishman Dec ¶ 2; Watson Dec ¶ 2.

Page 2 -   MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND
           GENERAL JUDGMENT

708582.14501-002

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

distribution of funds from the operating and reserve accounts to pay liabilities incurred on behalf of Decatur Bridgewater; the maintenance of accounting records in accordance with generally accepted accounting principles; the monthly distribution to all members of the Board of Directors of a financial statement for the previous month, including copies of the balance sheet, statement of income and expenses, schedules of cash investments, reserve allocations, and a check register of disbursements; and the utilization of all fraud control systems and methods available to Northwest Empire for the protection of Decatur Bridgewater's funds.[2]

On or about June 6, 2012, Plaintiffs each received an email from Defendant stating in part:

> On Monday 06/04/2012 it was discovered that your HOA's funds have been inappropriately allocated.  We have held all expenditures on your account at this time while a forensic account reviews your account. …

> We will be having a meeting Monday morning at 7:30 AM at the NW Empire office located at 3330 NW Yeon Ave Suite 200, Portland OR 97210 to discuss this situation with myself, our forensic CPA and fraud attorney.[3]

On June 11, 2012, at the meeting referenced in the emails above, , Gregory Lloyd, one of the owners of Defendant, discussed that he had discovered that Defendant had not created separate operating and reserve accounts for each client, that funds belonging to all HOA clients had been commingled, that funds belonging to an HOA were disbursed for the benefit of another HOA, and that it appeared that an employee/co-owner of Defendant had taken a significant amount of the funds held for the HOA clients.  Defendant promised to produce an accounting by a forensic CPA, John Brams, hired by Defendant.[4]

Subsequently, Plaintiffs through their counsel, Mr. Cohen, received from Mr. Brams documents that purportedly summarize the losses of Plaintiffs:  $60,776.52 for Cedar Lake and

---

[2] See the Management Agreements attached as Exhibits 1 to the Fishman and Watson Decs, Article II, § 2.

[3] Petition ¶ 18; Exhibit 2 to Petition; Exhibit 2 to Fishman Dec.

[4] Petition ¶ 18.

Page 3 -   MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL JUDGMENT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

708582.14501-002

$72,099.18 for Decatur.[5]  Defendant has not been able to replace the missing funds, and this lawsuit followed.[6]

## POINTS AND AUTHORITIES

Each plaintiff has submitted *prima facie* evidence for their claims.

Breach of Contract.    Each plaintiff has submitted evidence to show the existence of a contract and its terms.  Each plaintiff has shown that Defendant breached the contracts in the following ways:  failing to establish and maintain a separate custodial bank account for each plaintiff's operating funds; failing to establish and maintain a separate custodial bank account for each plaintiff's reserve funds; commingling funds received for each plaintiff with funds received from other homeowners associations; disbursing each plaintiff's funds for purposes other than to pay liabilities incurred on behalf of said plaintiff; disbursing funds from each plaintiff's reserve funds without the prior approval in writing of, or via email by two members of the plaintiffs' Board of Directors; failing to maintain a set of accounting records in accordance with generally accepted accounting principles; failing to distribute monthly to all members of the Plaintiffs' Board of Directors a financial statement for the previous month, including copies of an accurate balance sheet, statement of income and expenses, schedules of cash investments, reserve allocations, and check register of disbursements; and failing to utilize all fraud control systems and methods available to Defendant for the protection of Plaintiffs' funds.  Each plaintiff has also shown the amount of their damages.

Negligence.    Each plaintiff has submitted evidence to show that Defendant owed each plaintiff a duty to use reasonable care when performing financial management services for Plaintiffs; that Defendant breached that duty by negligently performing the financial services by the same errors and omissions as constituted breach of contract, set forth above; that Defendant's

---

[5] Petition ¶ 18 and Exhibits 3 and 4 thereto.

[6] Petition ¶ 18.

Page 4 -    MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL JUDGMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

708582.14501-002

1   conduct caused a foreseeable risk of harm; and that defendant's negligent was a substantial factor

2   in causing plaintiffs to incur damages in the amounts shown. *Solberg v. Johnson*, 306 OR 484,

3   490-91, 760 P2d 867 (1988).

4       Conversion.   Each plaintiff has submitted evidence to show that plaintiff delivered or

5   caused to be delivered its property (money) to Defendant, who misappropriated or embezzled it

6   and has refused to return it.   This evidence shows an intentional exercise of dominion over

7   control over the personal property of Plaintiffs that seriously interfered with Plaintiffs' rights to

8   control their funds. *Hemstreet v. Spear,* 282 Or. 439, 444, 579 P.2d 229 (1978).  Plaintiffs have

9   shown their damages for Defendant's conversion of their money.

10      Breach of Fiduciary Duty.   Each plaintiff has submitted evidence to show that it

11  entrusted funds to Defendant, who undertook to manage and safeguard them for Plaintiffs'

12  benefits, thereby creating a fiduciary duty owed by Defendant to each plaintiff.   *Chiles v.*

13  *Robertson*, 94 Or. App. 604, 619-625 (1989).  Plaintiffs have submitted evidence to show that

14  Defendant breached its fiduciary duty to Plaintiffs by the acts and omissions that constitute the

15  breach of contract, negligence, and conversion and that the breach of fiduciary duty was a

16  substantial factor in causing plaintiffs to incur damages in the amounts shown.

17      Unlawful Trade Practices.   The acts and omissions that constitute breach of contract,

18  negligence, conversion, and breach of fiduciary duty also constitute unlawful trade practices.

19  The financial management "services" provided by Defendant were obtained by Plaintiffs

20  primarily for personal, family or household purposes because Defendant collected, held, and

21  disbursed Plaintiffs' funds for maintenance and repair of the houses of the association's unit

22  owners.  Plaintiffs, who are corporations, may bring a UTPA claim. *Goodyear Tire & Rubber*

23  *Co. v. Tualatin Tire & Auto*, 129 Or. App. 206, 217-219, 879 P.2d 193 (1994), *rev'd on other*

24  *grounds*, 322 Or. 4006 (1995).

25      Accounting.  The complaint includes a claim for accounting.  Plaintiffs ask that the claim

26  be dismissed.

Page 5 -   MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND
           GENERAL JUDGMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224-4133 (facsimile)

708582.14501-002

**DAMAGES**

Plaintiffs' damages are proven by the statements of Defendant's forensic accountant, submitted to Plaintiffs' counsel, Mr. Cohen. Exhibits 3 and 4 to the Petition for Issuance of Provisional Process are the statements for Cedar Lake ($60,776.52) and Decatur ($72,099.18), respectively.

**PREJUDGMENT INTEREST**

Plaintiffs are entitled to prejudgment interest. Although the Complaint seeks prejudgment interest on each misappropriation from the date of the misappropriation, Plaintiffs elect to receive prejudgment interest from the date that Defendant gave notice of the misappropriations, June 6, 2012.

**ATTORNEY FEES**

The Declaration of James S. Crane, submitted contemporaneously with the motion, sets forth the grounds for attorney fees, both under Article I, Section E of each Management Agreement and under the Unfair Trade Practices Act, ORS 646.638.

DATED this 25 day of January, 2013.

LANDYE BENNETT BLUMSTEIN LLP

By:_____
Stuart K. Cohen, OSB #851738
James S. Crane, OSB #901420
*Of Attorneys for Plaintiffs*

Page 6 -  MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND GENERAL JUDGMENT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

708582.14501-002

1

2

3          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

4              FOR THE COUNTY OF MULTNOMAH

5   **CEDAR LAKE HOMEOWNERS**
    **ASSOCIATION**, an Oregon domestic
6   nonprofit corporation; and **DECATUR**
    **BRIDGEWATER VISTA**                           Case No. _____
7   **CONDOMINIUMS OWNERS'**
    **ASSOCIATION**, an Oregon domestic             **PLAINTIFFS' PETITION FOR**
8   nonprofit corporation,                          **ISSUANCE OF PROVISIONAL PROCESS**
                                                    **– WRIT OF GARNISHMENT, WRIT OF**
9                  Plaintiffs,                       **ATTACHMENT, AND RESTRAINING**
                                                    **ORDER AND ORDER TO SHOW CAUSE**
10        v.
                                                    **ORCP 83; ORCP 84**
11  **NORTHWEST EMPIRE**
    **COMMUNITY MANAGEMENT, INC.,**
12  fka Professional Community Management,
    Inc., an Oregon corporation,
13
                   Defendant.
14

15  State of Oregon              )
                                 ) ss.
16  County of Multnomah          )

17        STUART K. COHEN, being duly sworn, states as follows:

18        1.    I am a partner at Landye Bennett Blumstein LLP, counsel for Plaintiffs in this case.

19  This sworn petition is based on information known to me.

20        2.    As shown below and in the accompanying declarations of Neill Fishman and Robert

21  S. Watson, this case arises from the loss of Plaintiffs' monies entrusted to their community

22  manager, defendant Northwest Empire Community Management, Inc. ("Northwest Empire"),

23  after Defendant wrongfully comingled the funds with funds from other owners' associations and

24  then wrongfully disbursed Plaintiffs' funds for purposes not authorized by Plaintiffs.

25  Contemporaneously with this Petition, Plaintiffs have filed a complaint against Defendant

26  alleging claims for breach of contract, negligence, conversion, breach of fiduciary duty,

Page 1 -   PETITION FOR PROVISIONAL PROCESS
           LANDYE BENNETT BLUMSTEIN LLP
                   *Attorneys at Law*
              1300 SW Fifth Avenue, Suite 3500
                  Portland, Oregon 97201
                      503.224-4100
                 503.224-4133 (facsimile)

687016.14501-002

Exhibit A Page 1 of 33

1   accounting, and unlawful trade practices. A copy of the complaint as filed is Exhibit 1 to this

2   Petition.

3       3.    As explained below and in the accompanying declarations of Robert S. Watson and

4   Neill Fishman, this Petition seeks provisional process in the nature of Writ of Attachment and/or

5   Writ of Garnishment to secure insurance proceeds available to Defendant to satisfy any judgment

6   that may be recovered by Cedar Lake Homeowners Association for its claim of $60,776.52 for

7   missing funds and by Decatur Bridgewater Vista Condominium Owners Association for its claim

8   of $72,099.18 for missing funds.

9       4.    I have obtained from Defendant's insurance agent, American Benefits, Inc., copies of

10  Defendant's insurance policies issued by The Hartford that may provide coverage for Plaintiffs'

11  claims against Defendant. True copies of the policy change reflecting Defendant's name change,

12  showing policy no. 52 SBA ZV5572 SC in effect from 11/01/10 to 11/01/11, excerpts from the

13  declarations page for policy 52 SBA PV0811 SC in effect from 11/17/11 to 11/17/12, and

14  excerpts from the declarations pages in effect from 02/10/12 to 02/10/13 are attached as

15  Exhibit 5.

16      5.    Further, Plaintiffs seek a restraining order pursuant to ORCP 83 E directed to

17  Defendant and to each other person in possession or control of $132,875.70 of the insurance

18  proceeds restraining Defendant and each such other person from transferring, removing or

19  otherwise disposing of said insurance proceeds pending the hearing on Plaintiff's petition for

20  provision process, and requiring Defendant and each such other person to appear at a time and

21  place fixed by the Court and show cause why such restraint should not continue during pendency

22  of this lawsuit on the underlying claims in the complaint.

23      6.    ORCP 83 A(1):   The name and place of business of Defendant are:   Northwest

24  Empire Community Management, Inc., 3000 NE Sandy Blvd., Portland, Oregon 97232 and P.O.

25  Box 28205, Portland Oregon 97228; email – Gregory@pcmnw.com.

26      7.    ORCP 83 A(2):  The underlying claim is not based on a consumer transaction and

Page 2 -  PETITION FOR PROVISIONAL PROCESS

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

687016.14501-002

Exhibit A Page 2 of 33

1    provisional process in a consumer good is not sought.

2        8.    ORCP 83 A(3)(a): The provisional process sought is not claim and delivery.

3        9.    ORCP 83 A(3)(b): The provisional process sought includes a restraining order

4    pursuant to ORCP 83 E. A statement of the particular acts sought to be restrained is as follows:

5    Defendant and each person in possession or control of the insurance proceeds payable to

6    Defendant on account of a claim or claims filed by Defendant for losses incurred as a result of

7    the wrongful comingling and disbursement of funds belonging to Plaintiffs shall not payout,

8    transfer, remove or otherwise dispose of the claimed insurance proceeds.

9        10.    ORCP 83 A(4): Plaintiffs' claim to provisional process is not based upon ownership,

10   entitlement to possession, a security interest or otherwise.

11       11.    ORCP 83 A(5): Plaintiffs do not have a writing or writings that purport to give

12   Plaintiffs a claim to provisional process. Attached as Exhibit 1 to the Declaration of Robert S.

13   Watson and as Exhibit 1 to the Declaration of Neill Fishman are true copies of the plaintiffs'

14   respective Management Agreements with Defendant, which underlay Plaintiffs' claims against

15   Defendant.

16       12.    ORCP 83 A(6): The claimed insurance proceeds are not wrongfully detained by the

17   Defendant or another defendant.

18       13.    ORCP 83 A(7): The claimed insurance proceeds have not been taken by a public

19   authority for a tax, assessment or fine.

20       14.    ORCP 83 A(8): Plaintiffs do not claim that Defendant has waived the right to be

21   heard.

22       15.    ORCP 83 A(9): The following facts tend to establish that there is substantial danger

23   that the defendant or another person is engaging in, or is about to engage in, conduct which

24   would place the claimed property in danger of concealment, loss, or transfer to an innocent

25   purchaser. Plaintiff is concerned that Defendant will expend these funds and leave Plaintiffs

26   without funds to cover their stolen funds – Defendant previously mismanaged or stole Plaintiffs'

Page 3 -   PETITION FOR PROVISIONAL PROCESS

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

687016.14501-002

Exhibit A Page 3 of 33

1   funds and, if not restrained, history could repeat itself.

2      16.   ORCP 83 A(10):  Without restraint, Plaintiffs will suffer immediate and irreparable

3   injury, damage or loss because Defendant does not have other assets with which to pay

4   Plaintiffs' claims, as indicated by the fact that Defendant has not replaced the missing funds.

5      17.   ORCP 83 A(11):  The following facts tend to establish that there is substantial danger

6   that the defendant or another person probably would not comply with a restraining order.

7   Defendant and one of its principals previously mismanaged or stole Plaintiffs' funds and are not

8   to be trusted.

9      18.   ORCP 83 A(12):  There is no reasonable probability that Defendant can establish a

10   successful defense to the underlying claim for the following reasons:

11      Cedar Lake entered into a Management Agreement with Defendant, then known as

12   Pacific Community Management on or about June 9, 2011.  A true copy of the agreement is

13   Exhibit 1 to the Declaration of Robert S. Watson.[1]  Decatur Bridgewater entered into a

14   Management Agreement with Defendant on or about November 14, 2010.  A true copy of the

15   agreement is Exhibit 1 to the Declaration of Neill Fishman.[2]

16      Both agreements provide, identically, in Article II, § 2, for Defendant to provide

17   "Financial Management" services to the plaintiffs.  These services include, among others:  the

18   collection and deposit of all maintenance assessments on the owners in the associations (§2.1);

19   the establishment and maintenance of a separate checking account or accounts for deposit of the

20   association's operating funds (§2.1); the checking accounts were to be established in a manner

21   indicating their custodial nature (§2.2); the payment by Defendant from such account(s) for the

22   expenses of the operation of the association in accordance with the association's approved

23   budget or as otherwise authorized by the association's Board of Directors (§2.2); the

24   authorization of Defendant by each association to make all disbursements from the association's

25

26      [1] Declaration of Robert S. Watson.
        [2] Declaration of Neill Fishman.

Page 4 -   PETITION FOR PROVISIONAL PROCESS

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

1  this Petition is a true copy of the summary page created by Mr. Brams for Decatur Bridgewater.

2  It shows a loss of $72,099.18.  Defendant has not been able to replace the missing funds.

3      The agreements, Defendant's admissions about "inappropriately allocated" funds, and

4  Defendant's admissions about the amounts of missing funds, show that there is no reasonable

5  probability that the defendant can establish a successful defense to the underlying claims of

6  breach of contract, negligence, conversion, and breach of fiduciary duty.

7      19.    This is an action upon which a writ of attachment may be issued because it is an

8  action upon a contract, namely, the Management Agreement, when the contract is not secured by

9  a mortgage, lien or pledge.  ORCP 84 A(2)(a).  Attachment is sought for tangible personal

10  property, namely, cash or checks (ORCP 84 B(2)) or for a debt owed by Defendant's insurance

11  company on account of Defendant's insurance claim (ORCP 84 B(3)).

12      20.    Garnishment is sought upon bank accounts of the defendant wherein insurance

13  proceeds may be deposited.

14      DATED this 9th day of November, 2012.

15

16      By:_____

17          Stuart K. Cohen, OSB #851738

18  SUBSCRIBED AND SWORN to before me this _____ day of November, 2012.

19

20  OFFICIAL SEAL
    MICHELLE M VASSAR-MOORE
    NOTARY PUBLIC-OREGON

21      COMMISSION NO. 456456
    MY COMMISSION EXPIRES MARCH 01, 2015    Notary Public for the State of Oregon

22

23

24

25

26

Page 6 -  PETITION FOR PROVISIONAL PROCESS

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

687016.14501-002

Exhibit A Page 5 of 33

1
2
3                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

4                        FOR THE COUNTY OF MULTNOMAH

5   CEDAR LAKE HOMEOWNERS
    ASSOCIATION, an Oregon domestic
6   nonprofit corporation; and DECATUR
    BRIDGEWATER VISTA                         Case No. ⟨⟩ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱
7   CONDOMINIUMS OWNERS'
    ASSOCIATION, an Oregon domestic           COMPLAINT
8   nonprofit corporation,                    (Breach of Contract; Negligence;
                                              Conversion; Breach of Fiduciary Duty;
9                Plaintiffs,                   Accounting; Unlawful Trade Practices;
                                              Attorney Fees)
10        v.
                                              Not Subject to Mandatory Arbitration
11  NORTHWEST EMPIRE
    COMMUNITY MANAGEMENT, INC.,               Jury Trial Requested
12  fka Professional Community Management,
    Inc., an Oregon corporation,              Plaintiffs' Claim: $132,875.70
13                                            Statutory Filing Fee: Or Laws 2012, ch.
                Defendant.                     48. sec. 2: ORS 21.160(1)(c)
14

15        Plaintiffs Cedar Lakes Homeowners Association ("Cedar Lakes") and Decatur

16  Bridgewater Vista Condominiums Owners' Association ("Decatur Bridgewater") allege as

17  follows:

18                         FIRST CLAIM FOR RELIEF

19                        (Cedar Lake – Breach of Contract)

20                                    1.

21        Cedar Lakes Homeowners Association is a nonprofit corporation organized under the

22  Oregon Nonprofit Corporation Act, Chapter 65 of the Oregon Revised Statutes.  Cedar Lakes is

23  located in Gresham, Oregon.

24                                    2.

25        On or about June 9, 2011, Cedar Lake through its Board of Directors entered into that

26  certain Management Agreement with defendant Northwest Empire Community Management,

Page 1 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

687015 13482-001
EXHIBIT
Exhibit A Page 6 of 33
PAGE ___ OF ___

1  Inc., then known as Professional Community Management, Inc. ("Defendant" or "Northwest

2  Empire"). The Management Agreement continued until effect until terminated by Cedar Lake in

3  or about June 2012.

4                                                    3.

5        Under the Management Agreement, Northwest Empire agreed to provide professional

6  services directed towards the management of the residential properties in Cedar Lake, including

7  professional services for financial management, among others.   The financial management

8  services included, among others, the collection and deposit of maintenance assessments from

9  Cedar Lake's owners; the creation and maintenance of a separate bank account to hold funds for

10 payment of Cedar Lake's operating expenses (an "operating account"); the creation and

11 maintenance of a separate bank account to hold Cedar Lake's reserve funds (a "reserve

12 account"); the distribution of funds from the operating and reserve accounts to pay liabilities

13 incurred on behalf of Cedar Lake; the maintenance of accounting records in accordance with

14 generally accepted accounting principles; the monthly distribution to all members of the Board

15 of Directors of a financial statement for the previous month, including copies of the balance

16 sheet, statement of income and expenses, schedules of cash investments, reserve allocations, and

17 a check register of disbursements; and the utilization of all fraud control systems and methods

18 available to Northwest Empire for the protection of Cedar Lake's funds.

19                                                   4.

20       On or about June 6, 2012, Northwest Empire informed Cedar Lake that Cedar Lake's

21 funds had been "inappropriately misappropriated."  Subsequently, Northwest Empire informed

22 Cedar Lake that funds received by Northwest Empire for Cedar Lake had been conmingled with

23 funds received by Northwest Empire for other homeowners associations, and that funds had been

24 disbursed for purposes other than to pay liabilities incurred on behalf of Cedar Lake.

25                                                   5.

26       Northwest Empire breached the Management Agreement with Cedar Lake in one or more

Page 2 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100  ·
503.224.4133 (facsimile)

1  of the following ways:

2        a.    Failing to establish and maintain a separate custodial bank account for

3            Cedar Lake's operating funds;

4        b.    Failing to establish and maintain a separate custodial bank account for

5            Cedar Lake's reserve funds;

6        c.    By conmingling funds received for Cedar Lake with funds received from

7            other homeowners associations;

8        d.    By disbursing Cedar Lake's funds for purposes other than to pay liabilities

9            incurred on behalf of Cedar Lake;

10       e.    By disbursing funds from Cedar Lake's reserve funds without the prior

11           approval in writing of, or via email by two members of Cedar Lake's

12           Board of Directors;

13       f.    Failing to maintain a set of accounting records in accordance with

14           generally accepted accounting principles;

15       g.    Failing to distribute monthly to all members of the Board of Directors a

16           financial statement for the previous month, including copies of an accurate

17           balance sheet, statement of income and expenses, schedules of cash

18           investments, reserve allocations, and check register of disbursements; and

19       h.    Failing to utilize all fraud control systems and methods available to

20           Northwest Empire for the protection of Cedar Lake's funds.

21                   6.

22    As a result of Northwest Empire's breach of the Management Agreement, Cedar Lake

23  has incurred damages in the amount of $60,776.52 for lost operating and reserve funds.

24                   7.

25    Northwest Empire has failed and refused to return the operating funds and reserve funds

26  to Cedar Lake.

Page 3 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

8.

Cedar Lake is entitled to attorney fees and costs pursuant to Article II, section E of the Management Agreement, and to prejudgment interest from the date of each misappropriation.

## SECOND CLAIM FOR RELIEF

(Cedar Lake – Negligence)

9.

Cedar Lake incorporates by reference and realleges paragraphs 1, 2, and 4, above.

10.

As Managing Agent, Northwest Empire owed Cedar Lake a duty to use reasonable care when performing financial management services for Cedar Lake.

11.

Northwest Empire negligently performed financial management services for Cedar Lake in one or more of the following ways:

    a.    Failing to establish and maintain a separate custodial bank account for Cedar Lake's operating funds;

    b.    Failing to establish and maintain a separate custodial bank account for Cedar Lake's reserve funds;

    c.    By conmingling funds received for Cedar Lake with funds received from other homeowners associations;

    d.    By disbursing Cedar Lake's funds for purposes other than to pay liabilities incurred on behalf of Cedar Lake;

    e.    By disbursing funds from Cedar Lake's reserve funds without the prior approval in writing of, or via email by two members of Cedar Lake's Board of Directors;

    f.    Failing to maintain a set of accounting records in accordance with generally accepted accounting principles;

Page 4 -    COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

GR7015 13482-001

EXHIBIT A Page 9 of 33

PAGE ___ OF ___

g.    Failing to distribute monthly to all members of the Board of Directors a financial statement for the previous month, including copies of an accurate balance sheet, statement of income and expenses, schedules of cash investments, reserve allocations, and check register of disbursements; and

h.    Failing to utilize all fraud control systems and methods available to Northwest Empire for the protection of Cedar Lake's funds.

12.

Northwest Empire's negligence was a substantial factor in causing Cedar Lake to suffer damages in the amount of $60,776.52 for lost operating and reserve funds. Cedar Lake is also entitled to prejudgment interest from the date of each misappropriation.

### THIRD CLAIM FOR RELIEF

(Cedar Lake – Conversion)

13.

Cedar Lake incorporates by reference and realleges paragraphs 1, 2, and 4 above.

14.

Northwest Empire converted Cedar Lake's operating funds and reserve funds by taking them for its own purposes.

15.

As a result of Northwest Empire's breach of the Management Agreement, Cedar Lake has incurred damages in the amount of $60,776.52, consisting of the loss of operating funds in the amount of $60,776.52 for lost operating and reserve funds. Cedar Lake is also entitled to prejudgment interest from the date of each misappropriation.

16.

Northwest Empire has failed and refused to return the converted funds.

/////

/////

Page 5 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

## FOURTH CLAIM FOR RELIEF

### (Cedar Lake – Breach of Fiduciary Duty)

17.

Cedar Lake incorporates by reference and realleges paragraphs 1, 2, 3, and 4, above.

18.

Cedar Lake entrusted Northwest Empire with its reserve and operating funds. This entrustment created a fiduciary duty owed by Northwest Empire to Cedar Lake.

19.

Northwest Empire breached its fiduciary duty of loyalty and care to Cedar Lake in one or more of the ways alleged in paragraphs 5, 10, and 13, above, which are incorporated and realleged by reference.

20.

Northwest Empire's breach of its fiduciary obligations was a substantial factor in Cedar Lake incurring damages in the amount of $60,776.52 for lost operating and reserve funds. Cedar Lake is also entitled to prejudgment interest from the date of each misappropriation.

## FIFTH CLAIM FOR RELIEF

### (Cedar Lake – Accounting)

21.

Cedar Lake incorporates by reference and realleges paragraphs 1-4 and 17-19 above.

22.

Cedar Lake is entitled to an accounting for all funds entrusted to Northwest Empire and to a judgment for all sums shown by the accounting to be owed by Northwest Empire.

23.

Cedar Lake is entitled to its attorney fees pursuant to Article II, section E of the Management Agreement.

/////

Page 6 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

687015 13482-001

Exhibit A Page 11 of 33

SIXTH CLAIM FOR RELIEF

(Cedar Lake – Unlawful Trade Practices)

24.

Cedar Lake incorporates by reference and realleges paragraphs 1-4, above.

25.

Northwest Empire provided services to Cedar Lake for household purposes of Cedar Lake's members.

26.

Northwest Empire engaged in unlawful trade practices within the meaning of ORS 646.607 and ORS 646.608 in one or more of the following ways:

      a.    Failing to establish and maintain a separate custodial bank account for Cedar Lake's operating funds;

      b.    Failing to establish and maintain a separate custodial bank account for Cedar Lake's reserve funds;

      c.    By commingling funds received for Cedar Lake with funds received from other homeowners associations;

      d.    By disbursing Cedar Lake's funds for purposes other than to pay liabilities incurred on behalf of Cedar Lake;

      e.    By disbursing funds from Cedar Lake's reserve funds without the prior approval in writing of, or via email by two members of Cedar Lake's Board of Directors;

      f.    Failing to maintain a set of accounting records in accordance with generally accepted accounting principles;

      g.    Failing to distribute monthly to all members of the Board of Directors a financial statement for the previous month, including copies of an accurate balance sheet, statement of income and expenses, schedules of cash

Page 7 -   COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

687015 13-482-001

EXHIBIT A Page 12 of 33

PAGE ___ OF ___

investments, reserve allocations, and check register of disbursements; and

h.    Failing to utilize all fraud control systems and methods available to Northwest Empire for the protection of Cedar Lake's funds.

27.

Northwest Empire willfully used or employed said unlawful trade practices.

28.

As a result of the unlawful trade practices committed by Northwest Empire, Cedar Lake has incurred damages in the amount of $60,776.52 for lost operating and reserve funds. Cedar Lake is also entitled to punitive damages under ORS 646.638(1).

29.

Cedar Lake is entitled to reasonable attorney fees and costs under ORS 646.638(3). Cedar Lake is also entitled to prejudgment interest from the date of each misappropriation.

SEVENTH CLAIM FOR RELIEF

(Decatur Bridgewater – Breach of Contract)

30.

Decatur Bridgewater Vista Condominiums Owners' Association is a nonprofit corporation organized under the Oregon Nonprofit Corporation Act, Chapter 65 of the Oregon Revised Statutes. Decatur Bridgewater is located in Portland, Oregon.

31.

On or about November 14, 2010, Decatur Bridgewater through its Board of Directors entered into that certain Management Agreement with defendant Northwest Empire Community Management, Inc., then known as Professional Community Management, Inc. ("Defendant" or "Northwest Empire"). The Management Agreement continued until effect until terminated in or about June 2012.

32.

Under the Management Agreement, Northwest Empire agreed to provide professional

Page 8 -  COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503 224-4100
503 224-4133 (facsimile)

687015 13482-001

Exhibit A Page 13 of 33

PAGE ___ OF ___

1  services directed towards the management of the residential properties in Decatur Bridgewater,

2  including professional services for financial management, among others. The financial

3  management services included, among others, the collection and deposit of maintenance

4  assessments from Decatur Bridgewater's owners; the creation and maintenance of a separate

5  bank account to hold funds for payment of Decatur Bridgewater's operating expenses (an

6  "operating account"); the creation and maintenance of a separate bank account to hold Decatur

7  Bridgewater's reserve funds (a "reserve account"); the distribution of funds from the operating

8  and reserve accounts to pay liabilities incurred on behalf of Decatur Bridgewater; the

9  maintenance of accounting records in accordance with generally accepted accounting principles;

10 the monthly distribution to all members of the Board of Directors of a financial statement for the

11 previous month, including copies of the balance sheet, statement of income and expenses,

12 schedules of cash investments, reserve allocations, and a check register of disbursements; and the

13 utilization of all fraud control systems and methods available to Northwest Empire for the

14 protection of Decatur Bridgewater's funds.

15                                      33.

16     On or about June 6, 2012, Northwest Empire informed Decatur Bridgewater that Decatur

17 Bridgewater's funds had been "inappropriately misappropriated." Subsequently, Northwest

18 Empire informed Decatur Bridgewater that funds received by Northwest Empire for Decatur

19 Bridgewater had been conmingled with funds received by Northwest Empire for other

20 homeowners associations, and that funds had been disbursed for purposes other than to pay

21 liabilities incurred on behalf of Decatur Bridgewater.

22                                      34.

23     Northwest Empire breached the Management Agreement with Decatur Bridgewater in

24 one or more of the following ways:

25          a.    Failing to establish and maintain a separate custodial bank account for

26                Decatur Bridgewater's operating funds;

Page 9 -  COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

687015 13482-001

b.    Failing to establish and maintain a separate custodial bank account for Decatur Bridgewater's reserve funds;

c.    By conmingling funds received for Decatur Bridgewater with funds received from other homeowners associations;

d.    By disbursing Decatur Bridgewater's funds for purposes other than to pay liabilities incurred on behalf of Decatur Bridgewater;

e.    By disbursing funds from Decatur Bridgewater's reserve funds without the prior approval in writing of, or via email by two members of Decatur Bridgewater's Board of Directors;

f.    Failing to maintain a set of accounting records in accordance with generally accepted accounting principles;

g.    Failing to distribute monthly to all members of the Board of Directors a financial statement for the previous month, including copies of an accurate balance sheet, statement of income and expenses, schedules of cash investments, reserve allocations, and check register of disbursements; and

h.    Failing to utilize all fraud control systems and methods available to Northwest Empire for the protection of Decatur Bridgewater's funds.

35.

As a result of Northwest Empire's breach of the Management Agreement, Decatur Bridgewater has incurred damages in the amount $72,099.18 for lost operating and reserve funds.

36.

Northwest Empire has failed and refused to return the operating funds and reserve funds to Decatur Bridgewater.

37.

Decatur Bridgewater is entitled to its attorney fees and costs pursuant to Article II,

Page 10 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100

G87013 13482-001

1    section E of the Management Agreement.  Cedar Lake is also entitled to prejudgment interest

2    from the date of each misappropriation.

3

4                              **EIGHTH CLAIM FOR RELIEF**

5                         (Decatur Bridgewater – Negligence)

6                                   38.

7        Decatur Bridgewater incorporates by reference and realleges paragraphs 1, 2, and 4,

8    above.

9                                   39.

10       As Managing Agent, Northwest Empire owed Decatur Bridgewater a duty to use

11    reasonable care when performing financial management services for Decatur Bridgewater.

12                                 40.

13        Northwest Empire negligently performed financial management services for Decatur

14    Bridgewater in one or more of the following ways:

15            a.       Failing to establish and maintain a separate custodial bank account for

16                    Decatur Bridgewater's operating funds;

17            b.       Failing to establish and maintain a separate custodial bank account for

18                    Decatur Bridgewater's reserve funds;

19            c.       By conmingling funds received for Decatur Bridgewater with funds

20                    received from other homeowners associations;

21            d.       By disbursing Decatur Bridgewater's funds for purposes other than to pay

22                    liabilities incurred on behalf of Decatur Bridgewater;

23            e.       By disbursing funds from Decatur Bridgewater's reserve funds without the

24                    prior approval of in writing or via email by two members of Decatur

25                    Bridgewater's Board of Directors;

26            f.       Failing to maintain a set of accounting records in accordance with

Page 11 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100

687015 13482-001

Exhibit A Page 16 of 33

1      generally accepted accounting principles;

2      g.      Failing to distribute monthly to all members of the Board of Directors a

3      financial statement for the previous month, including copies of an accurate

4      balance sheet, statement of income and expenses, schedules of cash

5      investments, reserve allocations, and check register of disbursements; and

6      h.      Failing to utilize all fraud control systems and methods available to

7      Northwest Empire for the protection of Decatur Bridgewater's funds.

8                41.

9      Northwest Empire's negligence was a substantial factor in causing Decatur Bridgewater

10    to suffer damages in the amount of $72,099.18 for lost operating and reserve funds. Cedar Lake

11    is also entitled to prejudgment interest from the date of each misappropriation.

12                NINTH CLAIM FOR RELIEF

13                (Decatur Bridgewater – Conversion)

14                42.

15    Decatur Bridgewater incorporates by reference and realleges paragraphs 1, 2, and 4

16    above.

17                43.

18    Northwest Empire converted Decatur Bridgewater's operating funds and reserve funds by

19    taking them for its own purposes.

20                44.

21    As a result of Northwest Empire's breach of the Management Agreement, Decatur

22    Bridgewater has incurred damages in the amount $72,099.18 for lost operating and reserve

23    funds. Cedar Lake is also entitled to prejudgment interest from the date of each

24    misappropriation.

25                45.

26    Northwest Empire has failed and refused to return the converted funds.

Page 12 - COMPLAINT

1

2                        TENTH CLAIM FOR RELIEF

3                  (Decatur Bridgewater – Breach of Fiduciary Duty)

4                                    46.

5        Decatur Bridgewater incorporates by reference and realleges paragraphs 1, 2, 3, and 4,

6   above.

7                                    47.

8        Decatur Bridgewater entrusted Northwest Empire with its reserve and operating funds.

9   This entrustment created a fiduciary duty owed by Northwest Empire to Decatur Bridgewater.

10                                   48.

11       Northwest Empire breached its fiduciary duty of loyalty and of care to Decatur

12  Bridgewater in one or more of the ways alleged in paragraph 5, 10, and 13, above, which are

13  incorporated and realleged by reference.

14                                   49.

15       Northwest Empire's breach of its fiduciary obligations was a substantial factor, Decatur

16  Bridgewater has incurred damages in the amount $72,099.18 for lost operating and reserve

17  funds.   Cedar Lake is also entitled to prejudgment interest from the date of each

18  misappropriation.

19

20                      ELEVENTH CLAIM FOR RELIEF

21                  (Decatur Bridgewater – Accounting)

22                                   50.

23       Decatur Bridgewater incorporates by reference and realleges paragraphs 1-4 and 17-19

24  above.

25                                   51.

26       Decatur Bridgewater is entitled to an accounting for all funds entrusted to Northwest

Page 13 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100

687015 13482-001

Exhibit A Page 18 of 33
PAGE 13 OF 13

1    Empire and to a judgment for all sums shown by the accounting to be owed by Northwest

2    Empire.

3                                          52.

4        Decatur Bridgewater is entitled to its attorney fees and costs pursuant to Article II,

5    section E of the Management Agreement.

6                          TWELFTH CLAIM FOR RELIEF

7                   (Decatur Bridgewater – Unlawful Trade Practices)

8                                          53.

9        Northwest Empire engaged in unlawful trade practices within the meaning of ORS

10   646.607 and ORS 646.608 in one or more of the following ways:

11           a.      Failing to establish and maintain a separate custodial bank account for

12                   Decatur Bridgewater's operating funds;

13           b.      Failing to establish and maintain a separate custodial bank account for

14                   Decatur Bridgewater's reserve funds;

15           c.      By conmingling funds received for Decatur Bridgewater with funds

16                   received from other homeowners associations;

17           d.      By disbursing Decatur Bridgewater's funds for purposes other than to pay

18                   liabilities incurred on behalf of Decatur Bridgewater;

19           e.      By disbursing funds from Decatur Bridgewater's reserve funds without the

20                   prior approval of in writing or via email by two members of Decatur

21                   Bridgewater's Board of Directors;

22           f.      Failing to maintain a set of accounting records in accordance with

23                   generally accepted accounting principles;

24           g.      Failing to distribute monthly to all members of the Board of Directors a

25                   financial statement for the previous month, including copies of an accurate

26                   balance sheet, statement of income and expenses, schedules of cash

Page 14 - COMPLAINT

1 investments, reserve allocations, and check register of disbursements; and

2  h. Failing to utilize all fraud control systems and methods available to

3 Northwest Empire for the protection of Decatur Bridgewater's funds.

4   54.

5 Northwest Empire willfully used or employed said unlawful trade practices.

6   55.

7 As a result of the unlawful trade practices committed by Northwest Empire, Decatur

8 Bridgewater has incurred damages in the amount of $72,099.18 for lost operating and reserve

9 funds. Decatur Bridgewater is also entitled to punitive damages under ORS 646.638(1).

10   56.

11 Decatur Bridgewater is entitled to reasonable attorney fees and costs under ORS

12 646.638(3). Cedar Lake is also entitled to prejudgment interest from the date of each

13 misappropriation.

14 WHEREFORE, plaintiffs Cedar Lake and Decatur Bridgewater pray for judgment against

15 Defendant as follows:

16  1. On Cedar Lake's First, Second, Third, Fourth, and Sixth Claims for Relief, the sum of

17 $60,776.52;

18  2. On Decatur Bridgewater's Seventh, Eighth, Ninth, Tenth, and Twelfth Claims for

19 Relief, the sum of $72,099.18;

20  3. On Cedar Lake's Fifth Claim for Relief, an order for an accounting and a money

21 judgment for all sums shown by the accounting to be owed by Defendant;

22  4. On Decatur Bridgewater's Eleventh Claim for Relief, an order for an accounting and

23 a money judgment for all sums shown by the accounting to be owed by Defendant;

24  5. On Cedar Lake's Sixth Claim for Relief and on Decatur Bridgewater's Twelfth Claim

25 for relief, punitive damage in an amount to be determined by the court or jury;

26  6. Cedar Lake's attorney fees and costs for the First and Sixth Claims for Relief;

Page 15 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100

1    7.    Decatur Bridgewater's attorney fees and costs for the First and Twelfth Claims for

2  Relief;

3    8.    For prejudgment interest from date of each misappropriation of Plaintiffs' funds; and

4    9.    For costs, postjudgment interest, and such other relief as may be proper and just.

5         DATED this 9th day of November, 2012.

6                                    LANDYE BENNETT BLUMSTEIN LLP

7

8                         By: _____

9                              Stuart K. Cohen, OSB #851738
                              James S. Crane, OSB #901420
10                             *Of Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 16 - COMPLAINT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100

687015.13482-001

Exhibit A  Page 21 of 33

**Crane, Jim**

| | |
|---|---|
| **From:** | Cohen, Stuart |
| **Sent:** | Wednesday, November 07, 2012 8:34 AM |
| **To:** | Crane, Jim |
| **Subject:** | FW: HOA Funds |

Admission e-mail. Greg Lloyd is one of the owners of NW Empire

**From:** decaturbridgewaterboard@nwempire.com [mailto:decaturbridgewaterboard@nwempire.com] **On Behalf Of**
Gregory Lloyd
**Sent:** Wednesday, June 06, 2012 4:44 PM
**To:** Decatur Bridgewater Board
**Subject:** HOA Funds

Hello Decatur Board,


On Monday 06/04/2012 it was discovered that your HOA's funds have been inappropriately allocated. We have
held all expenditures on your account at this time while a forensic accountant reviews your account. At this time
you may want to work with your account manager at NW Empire to file a claim under your Fidelity
Bond/Employee Dishonesty for the full amount in your reserves and operating accounts. The final number can
be changed once it is known. We will need to set up a time next week with your board to open new accounts
which only have board member signing ability on them.


We will be having a meeting Monday morning at 7:30AM at the NW Empire office located at 3330 NW Yeon
Ave Suite 200, Portland, OR 97210 to discuss this situation with myself, our forensic CPA and fraud attorney.
We will provide coffee, donuts, bagels, etc. for you.  Please plan on attending this meeting.


If you would like to speak to John Brams (the forensic CPA) to discuss progress, please feel free to contact him
at (503) 297-6466.


Kind Regards,


*Senior Community Manager*

503-482-6812 | *direct*
503-278-3231 | *office*
503-200-1114 | *fax*

PO Box 28205 | Portland, OR | 97228

1

EXHIBIT
PAGE

NW Empire
Summary of income (loss)                                            **Cedar Lake**

### Summary of income (loss) from commingling of funds

| Bank & account type | Amount |
|---|---|
| Commingling income (loss) - Chase operating account | ($48,776.52) |
| Commingling income (loss) - Chase reserve account | (12,000.00) |
| Commingling income (loss) - Bank of America operating account | 0.00 |
| Commingling income (loss) - Bank of America reserve account | 0.00 |
| 2010 funds that should have been received from sweep account | 0.00 |
| 2011 funds that should have been received from sweep account | 0.00 |
| 2012 funds that should have been received from sweep account | 0.00 |
| 2009 - 2012 funds received from sweep account - Chase | 0.00 |
| 2009 - 2012 funds received from sweep account - Bank of America | 0.00 |
| Total commingling income (loss) | ($60,776.52) |

EXHIBIT 3
PAGE 1 OF 1
Exhibit A Page 23 of 33

NW Empire
Summary of income (loss)                                              **Decatur**

### Summary of income (loss) from commingling of funds

| Bank & account type | Amount |
|---|---|
| Commingling income (loss) - Chase operating account | $12,095.62 |
| Commingling income (loss) - Chase reserve account | (32,883.31) |
| Commingling income (loss) - Bank of America operating account | 1,962.38 |
| Commingling income (loss) - Bank of America reserve account | (15,985.75) |
| 2010 funds that should have been received from sweep account | (289.45) |
| 2011 funds that should have been received from sweep account | (26,565.22) |
| 2012 funds that should have been received from sweep account | (15,482.83) |
| 2009 - 2012 funds received from sweep account - Chase | 3,100.00 |
| 2009 - 2012 funds received from sweep account - Bank of America | 1,949.38 |
| Total commingling income (loss) | ($72,099.18) |

EXHIBIT ____
PAGE ____ OF ____
Exhibit A Page 24 of 33



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY CHANGE

This endorsement changes the policy effective on the Inception Date of the policy unless another date is indicated below:

Policy Number: 52 SBA ZV5572  SC                    ORIGINAL

Named Insured and Mailing Address;    PROFESSIONAL COMMUNITY
                                      SEE FORM IH1200
                                      PO BOX 28205
                                      PORTLAND              OR  97228

Policy Change Effective Date:    09/21/11        Effective hour is the same as stated in the
                                                 Declarations Page of the Policy.

Policy Change Number: 002

Agent Name:  AMERICAN BENEFITS GROUP
Code:      701028

**POLICY CHANGES:**
        SENTINEL INSURANCE COMPANY, LIMITED

ANY CHANGES IN YOUR PREMIUM WILL BE REFLECTED IN YOUR NEXT BILLING
STATEMENT.IF YOU ARE ENROLLED IN REPETITIVE EFT DRAWS FROM YOUR BANK
ACCOUNT, CHANGES IN PREMIUM WILL CHANGE FUTURE DRAW AMOUNTS.
                THIS IS NOT A BILL.

NO PREMIUM DUE AS OF POLICY CHANGE EFFECTIVE DATE


NAMED INSURED IS CHANGED TO READ:    NORTHWEST EMPIRE COMMUNITY
                                     MANAGEMENT


FORM NUMBERS OF ENDORSEMENTS REVISED AT ENDORSEMENT ISSUE:

IH12001185 NAMED INSURED



PRO RATA FACTOR: 0.112

THIS ENDORSEMENT DOES NOT CHANGE THE POLICY EXCEPT AS SHOWN.

Form SS 12 11 04 05 T              Page 001
Process Date: 09/25/11                         Policy Effective Date: 11/01/10
                                               Policy Expiration Date: 11/01/11

                    INSURED COPY

EXHIBIT
Exhibit A Page 25 of 33
PAGE



01985

*2000252ZV55720411*



11
08    This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any
PV    other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the stock
SBA   insurance company of The Hartford Insurance Group shown below.

INSURER:    SENTINEL INSURANCE COMPANY, LIMITED
            HARTFORD PLAZA, HARTFORD, CT 06115
COMPANY CODE: A

Policy Number:  52 SBA PV0811  SC

**THE HARTFORD**

## SPECTRUM POLICY DECLARATIONS

Named Insured and Mailing Address:      PACIFIC EMPIRE COMMUNITY MGMT
(No., Street, Town, State, Zip Code)

                                        PO BOX 28205
                                        PORTLAND        OR   97228

**Policy Period:**        From    11/17/11    **To**    11/17/12    1    YEAR
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in New Hampshire.

Name of Agent/Broker:  AMERICAN BENEFITS GROUP
Code:  701028

**Previous Policy Number:**      NEW

**Named Insured Is:**  CORPORATION

**Audit Period:**  NON-AUDITABLE

Type of Property Coverage:  SPECIAL

Insurance Provided: In return for the payment of the premium and subject to all of the terms of this policy, we
agree with you to provide insurance as stated in this policy.

TOTAL ANNUAL PREMIUM IS:            $755

Countersigned by _____
                        Authorized Representative          Date

Form SS 00 02 12 06                         Page 001 (CONTINUED ON NEXT PAGE)
Process Date: 11/22/11                       Policy Expiration Date: 11/17/12

EXHIBIT
Exhibit A Page 26 of 33
PAGE 1 OF 1

## SPECTRUM POLICY DECLARATIONS (Continued)
POLICY NUMBER: 52 SBA PV0811

| BUSINESS LIABILITY | LIMITS OF INSURANCE |
|---|---|
| LIABILITY AND MEDICAL EXPENSES | $2,000,000 |
| MEDICAL EXPENSES - ANY ONE PERSON | $    10,000 |
| PERSONAL AND ADVERTISING INJURY | $2,000,000 |
| DAMAGES TO PREMISES RENTED TO YOU<br>    ANY ONE PREMISES | $1,000,000 |
| AGGREGATE LIMITS<br>    PRODUCTS-COMPLETED OPERATIONS | $4,000,000 |
|     GENERAL AGGREGATE | $4,000,000 |

BUSINESS  LIABILITY  OPTIONAL
COVERAGES

| HIRED/NON-OWNED  AUTO  LIABILITY | $2,000,000 |
|---|---|

CYBERFLEX  COVERAGE
FORM SS 40 26

Form SS 00 02 12 06
Process Date: 11/22/11

Page 005  (CONTINUED  ON NEXT PAGE)
Policy Expiration Date: 11/17/12

Exhibit A Page 27 of 33
PAGE  3  OF  7



One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

## Philadelphia Indemnity Insurance Company
### COMMON POLICY DECLARATIONS

**Policy Number:** PHSD697856

**Named Insured and Mailing Address:**
Northwest Empire Community Management
PO BOX 28205
PORTLAND, OR 97228-8205

**Producer:** 18700
American Benefits Inc.
9755 SW Barnes Road, Suite 290
Portland, OR 97224

**Policy Period From:** 02/10/2012  **To:** 02/10/2013     at 12:01 A.M. Standard Time at your mailing address shown above.

**Business Description:** Property Manager

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | |
| Commercial Auto Coverage Part | |
| Businessowners | |
| Workers Compensation | |
| Miscellaneous Professional | 1,898.00 |
| **Total** | **$   1,898.00** |

FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (01/07)

Countersignature Date

Authorized Representative

Philadelphia Indemnity Insurance Company

Form Schedule – Policy

**Policy Number:** PHSD697856

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

| Form | Edition | Description |
|------|---------|-------------|
| CSNotice-1 | 0411 | Making Things Easier |
| BJP-190-1 | 1298 | Commercial Lines Policy Jacket |
| LAH-Notice | 0211 | Policyholder Notice (Loss Assistance Hotline) |
| CPD-PIIC | 0107 | Common Policy Declarations |
| PP 0701 | 0701 | Privacy Policy Notice |
| IL0985 | 0108 | Disclosure Pursuant to Terrorism Risk Ins Act of 2002 |

EXHIBIT
Exhibit A Page 29 of 33
PAGE   3   OF

PI-PLSP-001 (08/07)


PHILADELPHIA
INSURANCE COMPANIES
A member of the Tokio Marine Group

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

### Cover-Pro*sm*

☒ Philadelphia Indemnity Insurance Company          ☐ Philadelphia Insurance Company

## DECLARATIONS

Policy Number:  PHSD697856

NOTICE: THIS IS A CLAIMS MADE POLICY. PLEASE READ THIS POLICY CAREFULLY. THE
LIMIT OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS SHALL BE REDUCED
BY AMOUNTS INCURRED FOR INVESTIGATION AND LEGAL COSTS. FURTHER NOTE THAT
AMOUNTS INCURRED FOR SUCH COST SHALL BE APPLIED AGAINST THE DEDUCTIBLE
AMOUNT

Item 1.          **Named Entity** and Address:

Northwest Empire Community Management
PO BOX 28205
PORTLAND, OR 97228-8205

Item 2.          **Policy Period**: From: 02/10/2012 To: 02/10/2013
(12:01 A.M. Standard Time)

Item 3.          Premium:          $          1,898

Item    4.       Limits of Liability:  (A) $      1,000,000      Each **Claim**, including **Claim Expense**

(B) $      1,000,000      Annual Aggregate, including **Claim Expense**

Item    5.       Deductible:        $          5,000      Deductible per **Claim**

Item    6.       Retroactive Date: 12/31/2009

Item    7.       Continuity Date: 12/31/2009

Item    8.       Additional Premium for Supplemental Extended Reporting Period: Refer to PI-PLSP-176

PI-PLSP-001 (08/07)

Item    9.      **Named Entity's** Profession:

          `Property Manager`

Endorsements: See Schedule

By accepting this Policy, the **Insured** agrees that the statements in the application are personal representations, that they shall be deemed material, and that this Policy is issued in reliance upon the truth of such representations.

| Authorized Representative | Countersignature | Countersignature Date |
|---|---|---|

EXHIBIT  5
PAGE  7
Exhibit A Page 31 of 33

Multnomah Circuit Court

Multnomah County Circuit Court
P.O. Box 114
Portland, OR 97207

Receipt # 006294597    11/13/12    2:07    CASH    JJE    MULW204

Case #    121114420    Cedar Lake Homeowners Associ/Northwest Empire Community

Bond                                         500.00

AMOUNT TENDERED                        500.00
AMOUNT APPLIED                         500.00
CHANGE                                   0.00        BALANCE DUE            0.00
PAYOR DECATUR BRIDGEWATER VISTA CONO

                                              Receipt # 006294597

KAB_11-13-2012 110929

Check Request

1030-10 / Cash in Bank Checking PDX/Wells Fargo

------------------------------------------------------------------
```
Date:     11/13/2012
Payee:    James S. Crane
Amount:   $500.00
For:      1/2 Bond - 14501-002 (other half to 14533-002)
```
------------------------------------------------------------------
Offsetting GL Accounts:

```
1240-10              Unbilled Client Costs - Hard        $500.00
```
------------------------------------------------------------------
Transactions:

```
        11/13/2012          1 @         $500.00 14501-002
```

MCAH

Page 1