IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>**NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, an Oregon corporation formerly known as Professional Community Management, Inc.,<br><br>          Defendant,<br><br>     v.<br><br>**SENTINEL INSURANCE COMPANY, LTD.**, a Connecticut corporation,<br><br>          Garnishee. | Case No. 3:14-cv-00599-PK<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Stuart K. Cohen, LANDYE BENNETT BLUMSTEIN LLP, 1300 S.W. Fifth Avenue, Suite 3500, Portland, OR 97201. Of Attorneys for Plaintiffs.

William Tyler Griffith, 3800 N.E. Sandy Boulevard, Suite 113, Portland, OR 97232. Of Attorneys for Defendant.

Francis J. Maloney III and Janis C. Puracal, MALONEY LAUERSDORF REINER, PC, 1111 E. Burnside Street, Suite 300, Portland, OR 97214. Of Attorneys for Garnishee.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Supplemental Findings and Recommendation in this case on November 13, 2015. Dkt. 36. Judge Papak recommended that Plaintiffs' motion for summary judgment (Dkt. 19) should be granted in part, in the amount of $55,080.08, and denied in part, in the amount of $109,089.32, and that Sentinel Insurance Company, Ltd.'s ("Sentinel") motion for summary judgment (Dkt. 23) should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Sentinel timely filed an objection (Dkt. 38), to which Plaintiffs responded. Dkt. 39. Sentinel objects to those portions of Judge Papak's Recommendation finding that: (1) Northwest Empire Community Management Inc. ("Northwest Empire") suffered a "direct loss" as required for coverage under its insurance policy; (2) Lloyd Kobbeman ("Kobbeman") acted with "manifest intent" to cause Northwest Empire as required for coverage; and (3) the undisputed facts show that Kobbeman stole $55,080.08 of homeowners associations' funds during the policy period. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Sentinel has objected, as well as Sentinel's objections and Plaintiffs' response. The Court agrees with Judge Papak's reasoning and ADOPTS those portions of the Findings and Recommendation to which Sentinel has objected.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.

PAGE 2 – ORDER

140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation, Dkt. 36. Plaintiffs' motion for summary judgment (Dkt. 19) is GRANTED IN PART, in the amount of $55,080.08, and DENIED IN PART, in the amount of $109,082.32. Sentinel's motion for summary judgment (Dkt. 23) is DENIED.

**IT IS SO ORDERED**.

DATED this 11th day of January, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER

PAGE 3 – ORDER