IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CEDAR LAKE HOMEOWNERS
ASSOCIATION, an Oregon domestic
nonprofit corporation; and DECATUR
BRIDGEWATER HOMEOWNERS
ASSOCIATION, an Oregon domestic
nonprofit corporation,

      Plaintiffs,

v.

NORTHWEST EMPIRE COMMUNITY
MANAGEMENT, INC., fka Professional
Community Management, Inc., an Oregon
corporation,

      Defendant,
 and

SENTINEL INSURANCE CO.,
LTD., a Connecticut corporation,

      Garnishee.

3: 14-cv-00599-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

  Defendant Northwest Empire Community Management, Inc. (Northwest Empire),

managed funds for Home Owner Associations (HOAs), including Plaintiffs Cedar Lake

Homeowners Association and Decatur Bridgewater Vista Condominiums Owners' Association

FINDINGS AND RECOMMENDATION—PAGE 1

(Plaintiffs). An employee for Northwest Empire, David Kobbeman, stole more than $1 million in HOA funds managed by Northwest Empire.

Plaintiffs brought an action in state court against Northwest Empire to recover stolen HOA funds. Northwest Empire allowed a default judgment to be entered against it.

Plaintiffs brought a garnishment action in state court against Northwest Empire's insurer, Sentinel Insurance Co. (Sentinel), claiming that Sentinel's policy (the Policy) covered losses caused by Kobbeman's theft of their HOA funds. After Sentinel removed the action from state court, and this court ruled on the parties' summary judgment motions, Plaintiffs and Sentinel reached a settlement agreement. Based on that agreement, Plaintiffs and Sentinel now move to dismiss.

The day that Plaintiffs and Sentinel filed their joint motion to dismiss this action, Northwest Empire filed the current motion to intervene as a plaintiff, seeking a declaration that Sentinel is obligated to pay Northwest Empire the Policy's combined limit of $275,000. I recommend denying the motion to intervene.

## BACKGROUND

To recover their stolen HOA funds, Plaintiffs brought an action in Multnomah County Circuit Court against Northwest Empire for conversion, breach of fiduciary duty, unfair trade practices, breach of contract, and negligence. Maloney Decl., Ex. 9, ECF No. 67-9. Northwest Empire chose not to respond to the complaint, allowing Plaintiffs to obtain a default judgment for about $149,000, with a supplemental judgment for costs and attorney's fees. Maloney Decl., Ex. 1, ECF No. 67-1. Since the entry of the default judgment, Northwest Empire has been a nominal defendant only, taking no active role in the litigation until filing the motion to intervene now at issue.

Before Plaintiffs filed their action against Northwest Empire, Northwest Empire had submitted a claim to Sentinel based on the Policy's coverage for losses caused by dishonest employees. Sentinel asserted that Northwest Empire had failed to provide necessary additional information to support the claim, so Sentinel treated the claim as inactive and did not determine coverage. *See* Stipulated Order 6, ECF No. 22.

In 2014, Plaintiffs filed a writ of garnishment in Multnomah County Circuit Court, naming Sentinel as the garnishee and Northwest Empire as the judgment debtor. Maloney Decl., Ex. 5. In seeking recovery through the writ of garnishment, "Plaintiffs [stood] in the shoes of Northwest Empire" as the insured under Sentinel's Policy. Suppl. Findings &Recommendation 6 n.4, ECF No. 36. Northwest Empire cooperated with Plaintiffs, providing evidence in the garnishment action. Plaintiffs claimed that Sentinel, as garnishee, was obligated to pay Plaintiffs a total of $165,000 for stolen HOA funds based on the Policy. Sentinel denied coverage.

Sentinel removed the action to this court, asserting diversity jurisdiction. Northwest Empire remained as the nominal defendant in this action. Although Plaintiffs and Northwest Empire are incorporated and headquartered in Oregon, this court ruled that diversity jurisdiction existed, reasoning that "because [Northwest Empire] is merely a nominal party in the present garnishment action, it can be disregarded in determining the question whether diversity of citizenship requisite for jurisdiction exists." ECF No. 10 (citations omitted).

Plaintiffs and Sentinel filed cross-motions for summary judgment, disputing whether the Policy covered Kobbeman's theft of HOA funds. Judge Simon adopted my Supplemental Findings and Recommendation and granted partial summary judgment for Plaintiffs, making the following rulings: (1) the Policy covered Plaintiffs' loss of HOA funds to the extent that Kobbeman's theft occurred during the Policy period; (2) Kobbeman stole $55,080.08 in HOA

funds during the Policy period; (3) Sentinel is obligated under the Policy to pay Plaintiffs $55,080.08; and (4) disputed issues of material fact remained on whether Kobbeman stole additional HOA funds from Plaintiffs during the Policy period. ECF No. 40.

Plaintiffs and Sentinel entered mediation, which resulted in a settlement. Sentinel agreed to pay Plaintiffs $105,000. The mediator acted as an arbitrator to clarify that Plaintiffs were not entitled to seek additional money from Sentinel or Northwest Empire. Plaintiffs and Sentinel filed a stipulation in this court, seeking dismissal of this action with prejudice and transfer of the file to Multnomah County Circuit Court. Stipulation, ECF No. 63. Plaintiffs expressly agreed to release Sentinel and Northwest Empire from further liability. Maloney Decl., Ex. 7, at 1, ECF No. 67-7 (Plaintiffs and Sentinel "covenant not to execute against" Northwest Empire). The arbitrator's award stated, "Aside from the amounts owed pursuant to the settlement agreement, the Plaintiffs are not entitled to any further money from" Northwest Empire. Maloney Decl., Ex. 8, at 1, ECF No. 67-8.

On June 20, 2016, Plaintiffs and Sentinel filed a joint notice of voluntary dismissal and a proposed order of voluntary dismissal. ECF Nos. 63, 64. That day, Northwest Empire filed the current motion to intervene as a plaintiff under Federal Rule of Civil Procedure 24, seeking a declaration that it is entitled to recover up to the combined Policy limit of $275,000. ECF No. 65. I recommend denying Northwest Empire's motion to intervene.

## DISCUSSION

Northwest Empire contends that under Federal Rule of Civil Procedure 24, it is entitled to intervene both as of right and permissively.

I. Intervention as of Right

   A. Legal Standards

   Rule 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"An applicant seeking intervention as of right must show that: (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)).

   B. Discussion

      1. Timeliness

Northwest Empire's motion to intervene should be denied because the motion is not timely. "If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

In determining whether a motion to intervene is timely, the court should consider: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay.'" *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc. (Cal.Toxic)*, 309 F.3d 1113, 1119 (9th Cir.2002) (quoting *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir.1996) (citation omitted)).

FINDINGS AND RECOMMENDATION—PAGE 5

As a preliminary matter, Sentinel argues that the motion to intervene is procedurally improper because Northwest Empire is already the named defendant in this action. Rule 24(a) allows intervention of right when "the *existing parties* may not adequately represent the applicant's interest." *Donnelly*, 159 F.3d at 409 (emphasis added).

Northwest Empire responds that it is not a party to the garnishment action. By the time Plaintiffs filed the writ of garnishment, Northwest Empire had already defaulted. Northwest Empire argues that its "status as a non-party" is shown by the alleged failure to serve Northwest Empire with their writ of garnishment. The writ of garnishment, however, names Northwest Empire as the defendant and judgment debtor, and Northwest Empire does not contend that it could not monitor every filing in this action. Maloney Decl., Ex. 5, ECF No. 67-5. Northwest Empire also argues that it is not a party because it was not obligated to respond to the writ of garnishment.[1]

To resolve the timeliness issue, I need not determine whether Northwest Empire is an "existing party" under Rule 24. It is undisputed that Northwest Empire has known since at least 2013 about its potential claim to recover up to the Policy limit, but it chose to remain a passive bystander until the other parties had litigated summary judgment motions and reached a settlement agreement. I conclude that Northwest Empire's motion to intervene is not timely, whether or not Northwest Empire should be considered an "existing party."

---

[1] Northwest Empire argues that its non-party status is shown by the fact that it "never consented to the magistrate judge's jurisdiction as both [Plaintiffs] and Sentinel did at the commencement of these proceedings." NW Empire Reply 4 (footnote omitted). This argument appears to be based on a misunderstanding of this district's policy of assigning civil actions randomly to magistrate judges regardless of consent. *See* LR 72 ("The Court designates every Magistrate Judge to conduct all pretrial proceedings authorized by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 without further designation or assignment."). Here, this court treated Northwest Empire as a party at least as to the consent issue. *See* LR 73-3 (District Judge reviews Magistrate Judge's rulings or findings and recommendations when not all parties have consented).

FINDINGS AND RECOMMENDATION—PAGE 6

In trying to justify its delay, Northwest Empire states, "Simply put, Northwest Empire needs to intervene so that it can preserve the legal work that has already been accomplished in these proceedings, so it can use those efforts to vindicate its own rights under its insurance policy with Sentinel." NW Empire Reply 9. Northwest Empire contends that until the other parties settled, it had no reason to seek intervention because Plaintiffs effectively represented its interests. The settlement agreement and arbitrator's award, however, do protect Northwest Empire from additional claims by Plaintiffs. Northwest Empire does not contend that it was prevented from seeking intervention earlier, only that it delayed to avoid the expense.

I also conclude that Northwest Empire's delay in moving for intervention would prejudice Sentinel, although this factor is not dispositive. Northwest Empire now seeks to intervene so it may recover the Policy's combined limit of $275,000. Plaintiffs claimed a maximum of about $165,000. Sentinel contends that if Northwest Empire had asserted its claim earlier, Sentinel could have asserted defenses that were not available against Plaintiffs, such as Northwest Empire's alleged failure to cooperate with Sentinel and alleged violation of the Policy's statute of limitations. Sentinel also disputes Northwest Empire's argument that Sentinel is barred from raising Policy defenses not previously raised in the garnishment action.

Northwest Empire contends that allowing intervention would not delay this action. I disagree. Resolving Northwest Empire's proposed claims in intervention would require briefing and possibly trial to resolve, for example, disputed issues of material fact "as to whether Kobbeman stole funds equal to or greater than [$55,080.08] during the Policy period." Suppl. Findings & Recommendation 16-17, ECF No. 36. As noted, additional litigation would also be required to resolve Sentinel's Policy defenses against Northwest Empire, at a minimum to determine which defenses are available.

I conclude that Northwest Empire's Motion for Intervention should be denied as untimely. *See, e.g., Calvert v. Huckins,* 109 F.3d 636, 638 (9th Cir. 1997) (per curiam) (motion to intervene was untimely because intervention would cause delay and would prejudice existing parties when proposed intervenor waited until after the court granted motion for summary judgment and remaining claims were dismissed); *Alaniz v. Tillie Lewis Food,* 572 F.2d 657, 659 (9th Cir. 1978) (per curiam) ("To protect their interests, appellants should have joined the negotiations before the suit was settled.").

### 2. Significant Protectable Interest

Although Northwest Empire's motion should be denied based on timeliness alone, I also conclude that Northwest Empire has failed to show a significant protectable interest remaining after Plaintiffs' settlement agreement with Sentinel. "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006). The settlement agreement protects Northwest Empire from further claims by Plaintiffs. Northwest Empire's asserted interest in the Policy limit has not been an issue in this action.

### 3. Disposition May Impair Applicant's Ability to Protect Its Interest

To show that its ability to protect its interest may be impaired if it is not allowed to intervene, Northwest Empire argues that the settlement agreement between Plaintiffs and Sentinel leaves it "exposed to continuing liability from [Plaintiffs] on their judgment." NW Empire Mot. Intervene 3, ECF No. 65. I disagree. There is no significant danger of "additional collection efforts" by Plaintiffs, given the terms of the settlement agreement.

### 4. Existing Parties Cannot Adequately Represent Applicant's Interest

In evaluating whether existing parties adequately represent the interest of the applicant, courts should consider (1) "whether the interest of a present party is such that it will undoubtedly make all intervenor's arguments," (2) "whether the present party is capable and willing to make such arguments," and (3) "whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted). "The applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Northwest Empire has not shown that Plaintiffs failed to adequately represent its interests. As noted, Plaintiffs negotiated a settlement agreement with Sentinel that protected Northwest Empire from further claims against it by Plaintiffs.

## II. Permissive Intervention

### A. Standards

Federal Rule of Civil Procedure 24(b)(2) allows permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."

*Donnelly*, 159 F.3d at 412. Even if the applicant satisfies these requirements, the court retains discretion in deciding whether to grant a motion for permissive intervention. *In re Benny,* 791 F.2d 712, 721–22 (9th Cir. 1986). "In exercising its discretion the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). "The timeliness factors are the same under intervention by right or by permission, although, the timeliness element is analyzed more strictly for permissive intervention." *Cal. Toxic*, 309 F.3d at 1119 (citing *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1308 (9th Cir.1997)).

The motion to intervene is not timely. Even if it were timely, this court should exercise its discretion and deny permissive intervention.

### III. Dismissal and Remand to State Court

Plaintiffs and Sentinel seek an order dismissing this action with prejudice and remanding this action to state court. The proposed Order of Dismissal submitted by Sentinel and Plaintiffs provides:

> Pursuant to a stipulation between [Plaintiffs and Sentinel], the Court hereby DISMISSES the garnishment proceedings pursuant to FRCP 41(a)(1) with prejudice and without an award of costs or fees to any party. The Clerk SHALL transfer this case back to the Multnomah County Circuit Court.

Maloney Decl., Ex. 8, at 8. The arbitrator noted, "In my opinion, there is no need to dismiss the case itself. The main case is already concluded by the default judgment [against Northwest Empire] and supplemental judgments. While I don't see that it is necessary, I see no reason not to remand from federal court." Maloney Decl., Ex. 8, at 1.

If this court dismisses this garnishment action with prejudice, then there would be no case left to remand to state court because there has already been a default judgment entered in the underlying state court action brought by Plaintiffs against Northwest Empire. I therefore

FINDINGS AND RECOMMENDATION—PAGE 10

recommend issuing a judgment dismissing this action with prejudice, without an order of remand.

## CONCLUSION

Northwest Empire's Motion for Intervention, ECF No. 65, should be denied. The Court should dismiss this action with prejudice, without an order of remand.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 12th day of October, 2016.

_____
Honorable Paul Papak
United States Magistrate Judge