IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CEDAR LAKE HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation; and **DECATUR BRIDGEWATER HOMEOWNERS ASSOCIATION**, an Oregon domestic nonprofit corporation, <br><br>         Plaintiffs, <br><br>     v. <br><br> **NORTHWEST EMPIRE COMMUNITY MANAGEMENT, INC.**, an Oregon corporation formerly known as Professional Community Management, Inc., <br><br>         Defendant, <br><br>     v. <br><br> **SENTINEL INSURANCE COMPANY, LTD.**, a Connecticut corporation, <br><br>         Garnishee. | Case No. 3:14-cv-00599-PK <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION |

Stuart K. Cohen, LANDYE BENNETT BLUMSTEIN LLP, 1300 S.W. Fifth Avenue, Suite 3500, Portland, OR 97201. Of Attorneys for Plaintiffs.

William Tyler Griffith, 3800 N.E. Sandy Boulevard, Suite 113, Portland, OR 97232. Of Attorneys for Defendant.

Francis J. Maloney III and Janis C. Puracal, MALONEY LAUERSDORF REINER, PC, 1111 E. Burnside Street, Suite 300, Portland, OR 97214. Of Attorneys for Garnishee.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on October 12, 2016. ECF 72. Judge Papak recommended that nominal Defendant Northwest Empire Community Management, Inc.'s ("Northwest Empire") motion for intervention (ECF 65) as a plaintiff in this action should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Northwest Empire timely filed an objection (ECF 74), to which Garnishee Sentinel Insurance Co., Ltd. ("Sentinel") responded. ECF 75. Northwest Empire objects to the conclusions in the Findings and Recommendation that: (1) the motion is untimely; (2) intervention will prejudice Sentinel; (3) Northwest Empire does not have a protectable interest; (4) denial of intervention will not impair Northwest Empire's ability to protect its interest; and (5) Plaintiffs failed adequately to protect Northwest Empire's interest.

Northwest Empire objects to Judge Papak's finding of untimeliness, arguing that Judge Papak applied the incorrect standard by considering how long Northwest Empire knew about its potential claim, as opposed to how long Northwest Empire knew that Plaintiffs would not adequately protect Northwest Empire's interests and thus motivate intervention. Northwest Empire also argues that intervention is reasonable and efficient because it has a protectable interest in its contract rights under its insurance policy with Sentinel and it will have to relitigate its interests if intervention is not permitted. Although not explained in Northwest Empire's

PAGE 2 – ORDER

objections, this interest must necessarily be Northwest Empire's purported interest in the $170,000 remainder of the $275,000 combined policy limits after the $105,000 is given to Plaintiffs.

Northwest Empire's objections miss a key point of Judge Papak's Findings and Recommendation. In this case, Plaintiffs were seeking to obtain insurance policy proceeds through a garnishment against Sentinel to satisfy Plaintiffs default judgment against Northwest Empire. At all times, Plaintiffs were seeking in this case less than the $275,000 policy limits. Plaintiffs were not representing Northwest Empire's interest in any insurance policy proceeds greater than whatever Plaintiffs would be awarded and such an interest was never part of this case. Northwest Empire chose not to litigate its purported rights and interest in any policy amounts above what Plaintiffs were seeking in this case. Instead, Northwest Empire elected to let Plaintiffs litigate the issue of coverage. But Plaintiffs were only litigating the issue of coverage for recovery of Plaintiff's default judgment through garnishment. Thus, Northwest Empire's interest in this case was the amount it owed to Plaintiffs in the default judgment being satisfied through Northwest Empire's insurance policy. That interest has been fully litigated and resolved in this case. The settlement agreement between Plaintiffs and Sentinel requires that Plaintiffs not seek any further payment from Northwest Empire or Sentinel.

If Northwest Empire wanted to pursue a claim against Sentinel under the policy for amounts greater than the debt Northwest Empire owed to Plaintiffs, Northwest Empire could have sought to file a cross-complaint, file a third-party complaint, or intervene in this litigation as a plaintiff to pursue that interest. Northwest Empire did not do so after Plaintiffs attempted to garnish the insurance proceeds, after this case was removed to federal court on April 11, 2014, at any time before the Court issued its opinion on January 11, 2016, resolving the summary

PAGE 3 – ORDER

judgment motions and finding that coverage did exist for Northwest Empire's underlying loss, or for several months after the Court's issued its summary judgment opinion. Northwest Empire did not file its motion to intervene until June 20, 2016. The fact that the statute of limitations in Northwest Empire's insurance policy may now preclude Northwest Empire from asserting its interest in the policy amounts above the amount paid to Plaintiffs does not render Northwest Empire's motion to intervene timely or proper. The Court agrees with Judge Papak's reasoning on both the issue of timeliness and the analysis of the remaining factors to be considered for intervention as of right and permissive intervention. The Court ADOPTS the portions of the Findings and Recommendation to which Northwest Empire has objected.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

PAGE 4 – ORDER

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendation, ECF 72. Northwest Empire's motion to intervene as a plaintiff in this action (ECF 65) is DENIED.

**IT IS SO ORDERED**.

DATED this 20th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – ORDER